503 So.2d 911 (1987)
Ronald Winston NORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-678.
District Court of Appeal of Florida, Fifth District.
January 22, 1987.
Rehearing Denied March 10, 1987.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Norris appeals his convictions and sentences for two counts of capital sexual battery[1] and one count of lewd and lascivious assault upon a child.[2] The trial court imposed life sentences on Norris for the sexual batteries as required by section 775.082 and sentenced him to a six-year term for lewd and lascivious assault. We affirm the convictions and sentences for the sexual batteries, but we vacate the sentence for lewd and lascivious assault and remand for resentencing.
Appellant contends an expert witness for the state improperly vouched for the credibility of the victim by testifying she had validated the child's complaint that she was sexually abused. While expert testimony may not be offered to directly vouch for the credibility of a witness, an objection is necessary to preserve the error for review. See Kruse v. State, 483 So.2d 1383, 1388 (Fla. 4th DCA 1986); Phillips v. *912 State, 476 So.2d 194 (Fla. 1985). None was made here.
However, we do find error in the preparation of the sentencing guidelines scoresheet for the lewd and lascivious assault offense. A trial court must have the benefit of a properly prepared scoresheet before it can make a fully informed decision on whether to depart from the recommended sentence. Although the court properly scored the second degree felony of lewd and lascivious assault as the primary offense, it improperly scored the two sexual batteries, which are capital felonies, as life felonies under the "additional offenses" section of the scoresheet.[3] This increased Norris' score by fifty-three points, thereby boosting the presumptive sentence range up two brackets.
The guidelines do not provide a means to score capital felonies as additional offenses at conviction, although there is a score for life felonies. Therefore, it was erroneous to score them. Davis v. State, 493 So.2d 82 (Fla. 1st DCA 1986). However, in resentencing, the trial court may use the capital felonies as a reason for departing from the guidelines. Cf. Weems v. State, 469 So.2d 128 (Fla. 1985).
In addition, the trial court's imposition of a $200.00 fine pursuant to section 27.3455, Florida Statutes (1985) violates the ex post facto provisions of the Florida and United States Constitutions,[4] since the state was unable to prove that the appellant committed the offenses after the effective date of the statute. Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986). Therefore, we vacate the fine.
CONVICTIONS AND SENTENCES AFFIRMED IN PART; SENTENCE FOR LEWD AND LASCIVIOUS ASSAULT VACATED AND REMANDED FOR RESENTENCING.
UPCHURCH, C.J., and DAUKSCH, J., concur.
NOTES
[1] § 794.011(2), Fla. Stat. (1985).
[2] § 800.04(1), Fla. Stat. (1985).
[3] Laster v. State, 486 So.2d 88 (Fla. 5th DCA 1986).
[4] U.S. CONST. art. I, § 10, cl. 1; Art. I, § 10, Fla. Const.