FRANK, Chief Judge.
William Royce Howell, owner of a pawnshop in Pasco County, was arrested and charged with dealing in stolen property after he purchased a rifle from two confidential informants who represented the weapon as having been stolen. The Pasco County Sheriffs Office had begun investigating all pawnshops on the west side of the county after victims of thefts reported finding their property in certain pawnshops, including Howell’s. Howell moved to dismiss the information, alleging entrapment. The trial court, applying the doctrine of objective entrapment set forth in Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), determined as a matter of law that Howell had been entrapped and dismissed the information. The trial court achieved the correct result, even though Cruz, as we show below, no longer controls. We have considered all errors urged by the state; we affirm the trial court.
Our supreme court outlined the defense of objective entrapment in Cruz, explaining that that defense focused on the police activity leading up to an arrest, not on the predisposition of the accused toward criminality. 465 So.2d at 520. The Florida Supreme Court has recently rejected Cruz, announcing that our legislature, in enacting section 777.201, Florida Statutes (1987), abolished the objective test in favor of a subjective evaluation centering on the accused’s propensity to engage in the charged offense. Munoz v. State, 629 So.2d 90 (Fla.1993). Section 777.201(1), Florida Statutes (1987), provides:
A law enforcement officer, a person engaged in cooperation with a law enforcement officer, or a person acting as an agent of a law enforcement officer perpetrates an entrapment if, for the purpose of obtaining evidence of the commission of a crime, he induces or encourages and, as a direct result, causes another person to engage in conduct constituting such crime by employing methods of persuasion or inducement which create a substantial risk *215 that such crime will be committed by a person other than one who is ready to commit it.
The subjective view requires the accused to establish by a preponderance of the evidence that the government induced the offense. Once that burden is met, the accused must then show the absence of a predisposition to commit the particular crime. Munoz, 629 So.2d at 94. Once that showing occurs, the burden shifts to the state to rebut the evidence of no proclivity to commit the crime and to establish that the accused was disposed to undertake the offense “prior to and independent of the government’s inducement.” Munoz, 629 So.2d at 101 (citing Jacobson v. United States, — U.S. —, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992)). Moreover, normally the issue of entrapment is reserved for the jury. See § 777.201(2), Fla. Stat. (1987). In certain instances, however, the question whether an accused was subjectively entrapped rests with the trial court for resolution as a matter of law:
If the factual circumstances of a case are not in dispute, if the accused establishes that the government induced the accused to commit the offense charged, and if the State is unable to demonstrate sufficient evidence of predisposition prior to and independent of the government conduct at issue, then the trial judge has the authority to rule on the issue of predisposition as a matter of law because no factual “question of predisposition” is at issue.
Munoz, 629 So.2d at 100 (citations omitted).
In the present matter, the undisputed facts reveal that two confidential informants, under the direction of law enforcement personnel, induced Howell to purchase the rifle. In spite of that which may have been taking place in other pawn shops in Pasco County, law enforcement had no independent information prior to the expansive sting operation that Howell or his business ever knowingly purchased stolen property. There is no evidence in this record to indicate that Howell was predisposed to commit the charged offense, and no one had tipped the sheriffs office that Howell would knowingly negotiate for stolen merchandise. These circumstances are strikingly similar to those the supreme court evaluated in Munoz. The state charged Munoz with two counts of the sale or distribution of harmful materials to a minor after a juvenile informant was able to obtain pornographic material from Munoz’s video store. Munoz and his store — the “Video Den” — were targets of a sweeping investigation into all video stores in Bay County that distributed X-rated movies. That investigation stemmed from an anonymous tip regarding some other video store in Bay County which had allegedly rented X-rated films to minors. Law enforcement had no independent knowledge that Munoz was renting pornographic films to minors, nor had it received complaints involving the Video Den. The supreme court determined that pursuant to the subjective test established in section 777.201, the accused was entrapped as a matter of law; the court therefore reinstated the trial court’s order dismissing the information. Assessing the matter before us in the light of Munoz and section 777.201, we are compelled to the conclusion that Howell, too, was entrapped as a matter of law.
Accordingly, we affirm.
CAMPBELL, J., and HAWORTH, LEE E., Associate Judge, concur.