683 So.2d 515 (1996)
Major THORNTON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04253.
District Court of Appeal of Florida, Second District.
June 12, 1996.
*516 PER CURIAM.
Major Thornton appeals the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Although the trial court agreed that Thornton was entitled to be resentenced to concurrent terms of imprisonment, it denied the motion in all other respects.
Thornton entered an open plea of no contest to two counts of leaving the scene of an accident with injury or death and was sentenced to two consecutive terms of five years' imprisonment in 1992. In response to the motion under review, the trial court held a non-evidentiary hearing and ordered the sentences to run concurrently in accordance with Hoag v. State, 511 So.2d 401 (Fla. 5th DCA), rev. denied, 518 So.2d 1278 (Fla.1987). No other relief was granted. We hold that two of the four arguments presented in Thornton's motion have merit and reverse in part and remand for resentencing using a corrected scoresheet.
In the order denying further relief upon rehearing, the trial court concedes that it was error to include forty-eight points on the scoresheet for victim injury; the primary offense had already been enhanced because injury or death is an element of the offense. Byrd v. State, 531 So.2d 1004 (Fla. 5th DCA 1988); See Hendsbee v. State, 497 So.2d 718 (Fla. 2d DCA 1986); Benedict v. State, 475 So.2d 1000 (Fla. 5th DCA 1985). However, the court found the error to be harmless. The trial court is mistaken.
When Thornton's score is reduced by forty-eight points, the corrected scoresheet places him in a different sentencing cell. This error cannot be presumed to be harmless unless the record conclusively demonstrates that the trial court would have given the same sentence had it known the correct score. Burrows v. State, 649 So.2d 902, 904 (Fla. 1st DCA 1995); See Singleton v. State, 620 So.2d 1038 (Fla. 2d DCA 1993); Deparvine v. State, 603 So.2d 679 (Fla. 1st DCA 1992).
Additionally, Thornton points out that the scoresheet includes ninety-eight points for a prior conviction for first degree homicide. This conviction should not have been scored because a capital offense is not scoreable.[1]See Stuart v. State, 536 So.2d 363 (Fla. 2d DCA 1988); Norris v. State, 503 So.2d 911 (Fla. 5th DCA 1987); Davis v. State, 493 So.2d 82 (Fla. 1st DCA 1986). When the points for victim injury and for the capital felony are subtracted from Thornton's scoresheet, his score places his presumptive sentence three cell levels lower.
Accordingly, this case is remanded for the court to resentence Thornton in accordance with a corrected scoresheet. See Terrell v. State, 668 So.2d 656 (Fla. 2d DCA 1996); Sprankle v. State, 662 So.2d 736 (Fla. 2d DCA 1995); Sellers v. State, 578 So.2d 339, 341 (Fla. 1st DCA), approved, 586 So.2d 340 (Fla.1991). In all other respects, the denial of the motion is affirmed.
Affirmed in part, reversed in part, and remanded with directions.
DANAHY, A.C.J., and FRANK and PARKER, JJ., concur.
NOTES
[1] The issue is reviewable in the present case because, unlike the alleged error in Huffman v. State, 611 So.2d 2, 3 (Fla. 2d DCA 1992), rev. denied, 620 So.2d 761 (Fla.1993), the error is not harmless beyond a reasonable doubt.