711 So.2d 1166 (1998)
Christian WENDT, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00484.
District Court of Appeal of Florida, Second District.
April 3, 1998.
Rehearing Denied May 26, 1998.
*1167 Chris M. Pratt of Chris M. Pratt, P.A., Palmetto, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.

EN BANC
ALTENBERND, Judge.
Christian Wendt appeals his sentences for DUI manslaughter and DUI serious bodily injury. We affirm because the trial court correctly included victim injury points for these two offenses on a 1996 scoresheet.
Mr. Wendt was charged with DUI manslaughter and DUI serious bodily injury after an automobile accident on April 20, 1996. He pleaded no contest to these charges and was sentenced to 20 years' imprisonment on December 18, 1996. The scoresheet prepared by the State recommended that Mr. Wendt be sentenced to prison for a minimum of 175.5 months and a maximum of 292.5 months. In addition to the 102 points scored for DUI serious bodily injury and DUI manslaughter, 160 victim injury points were added to Mr. Wendt's scoresheet.
Mr. Wendt contends that the legislature took into account victim injury when it classified DUI serious bodily injury as a level seven crime and DUI manslaughter as a level eight crime. Felony DUI, which involves no injury, is a level six crime. Assuming that Mr. Wendt's offenses would have been felony DUIs, the higher level for the two DUI offenses involving injuries adds forty-eight points to his scoresheet.[1] He argues that by adding 160 victim injury points to his scoresheet he is being twice penalized for the same conduct.
Mr. Wendt relies on Thornton v. State, 683 So.2d 515 (Fla. 2d DCA 1996), as support for his argument. We recede from Thornton and elect to follow the Third District's opinion in Martinez v. State, 692 So.2d 199 (Fla. 3d DCA), review dismissed, 697 So.2d 1217 (Fla.1997), on this issue. Thus, the trial court properly scored victim injury points on Mr. Wendt's scoresheet.
Accordingly, we affirm Mr. Wendt's sentence.
PARKER, C.J., and DANAHY, CAMPBELL, FRANK, THREADGILL, PATTERSON, BLUE, FULMER, QUINCE, WHATLEY, NORTHCUTT, GREEN and CASANUEVA, JJ., concur.
NOTES
[1] Nothing suggests that Mr. Wendt had a sufficient number of prior DUIS to qualify for felony treatment.