726 So.2d 307 (1998)
Patrick J. BROKER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00662.
District Court of Appeal of Florida, Second District.
September 25, 1998.
Rehearing Denied November 9, 1998.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Patrick J. Broker appeals his judgment and sentence for trafficking in methamphetamine. He argues that the trial court erred when it failed to give a special instruction explaining the burdens of proof on the issue of entrapment. The trial court chose to give the standard instruction on entrapment despite the defendant's argument that Munoz v. State, 629 So.2d 90 (Fla.1993), required an instruction more clearly explaining the State's burden on this issue. See also State v. Howell, 629 So.2d 213, 215 (Fla. 2d DCA 1993) (explaining the shifting burden of proof for use in entrapment cases). After this trial, the supreme court revised the standard instruction on entrapment. See In re Standard Jury Instructions in Criminal Cases, 23 Fla. L. Weekly S407, 415, 723 So.2d 123, 142 (Fla.1998). See also Vazquez v. State, 700 So.2d 5 (Fla. 4th DCA 1997), appeal dismissed, State v. Vazquez, 23 Fla. L. Weekly S428, 718 So.2d 755 (Fla.1998) (dismissing certified issue on nondispositive issue).
Although we understand the trial court's decision to use the published standard instruction, we conclude that it was error to deny the defendant's special requested instruction, which was similar to the current standard instruction. We cannot hold that this error was harmless. Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
PARKER, C.J., and ALTENBERND and QUINCE, JJ., concur.