726 So.2d 307 (1998)
Daymond NOLTE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 97-04734, 98-00492.
District Court of Appeal of Florida, Second District.
December 2, 1998.
Rehearing Denied February 25, 1999.
*308 Claude H. Tison, Jr., Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Mr. Nolte appeals the minimum guidelines sentence of 124.5 months imposed upon him by the trial court. In the consolidated case, he appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. After careful consideration of his impassioned argument and despite error in the sentencing process, we affirm both cases.
Following his plea to the crime of DUI manslaughter, Mr. Nolte sought a sentence as a youthful offender pursuant to section 958.04, Florida Statutes (1995). Besides being sixteen and a half years of age at the time of offense, he asserted that a youthful offender sentence would be appropriate because he suffers from bipolar-two (manic depressive) disorder of such severity that the disease destroyed his ability to control his behavior, and, despite other learning disabilities from which he independently suffers, he maintained a B+ grade average in school. Before sentencing Mr. Nolte, the trial court considered testimony concerning his illness, his attempt at suicide, and his Baker Act commitment before the fatal accident. The trial court also heard about his manic-depressive diagnosis following the accident, his stay at a renowned psychiatric clinic, his course of treatment, and his subsequent improvement. Experts opined that Mr. Nolte's condition is treatable and that his ability to manage his illness reliably would be enhanced by a youthful offender sentence. In comparison, his psychiatric prognosis would be poor if he were sentenced to an extended prison term under the guidelines.
The trial court declined to impose a youthful offender sentence, concluding that the maximum penalty of six years permitted by the youthful offender law was insufficient. Additionally, the trial court found Mr. Nolte would not qualify for a boot camp program due to his bipolar-two disorder and that the residential treatment programs would not provide sufficient balance between the needs of punishment and rehabilitation. Mr. Nolte's guidelines scoresheet included victim death points pursuant to Martinez v. State, 692 So.2d 199 (Fla. 3d DCA 1997), rather than omitting those points, as Mr. Nolte urged, under Thornton v. State, 683 So.2d 515 (Fla. 2d DCA 1996). Mr. Nolte now contends that the court abused its discretion in denying him a youthful offender sentence, and further erred by including victim death points on his scoresheet under Thornton.
We first address the victim death points issue. Although the trial court should have followed Thornton, our court has receded from that decision since Mr. Nolte was sentenced. In Wendt v. State, 711 So.2d 1166 (Fla. 2d DCA 1998) this court, en banc, aligned itself with Martinez. Although Wendt has prospective application, the "pipeline" rule requires that we apply Wendt to this case. Disposition of a case on appeal "should be made in accord with the law in effect at the time of the appellate court's decision rather than the law in effect at the time the judgment appealed was rendered." Hendeles v. Sanford Auto Auction, Inc., 364 *309 So.2d 467, 468 (Fla.1978). Thus, we must affirm the imposition of victim death points in this case.
Next, we consider whether the trial court abused its discretion in declining to sentence Mr. Nolte as a youthful offender. Discretion "is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla. 1980). Although Mr. Nolte meets the statutory criteria for youthful offender sentencing, section 958.04 provides that the court "may sentence" a person who meets the criteria as a youthful offender. It is not an abuse of discretion for a trial court, after reviewing the criteria, to decline to sentence a statutorily qualified person as youthful offender. See Bell v. State, 429 So.2d 403 (Fla. 1st DCA 1983). After reviewing this record, we determine the sentence is not abuse of discretion.
We affirm the remaining issue without comment.
Affirmed.
FRANK, A.C.J., and PATTERSON, J., Concur.