CAMPBELL, Acting Chief Judge.
Appellant was convicted by a jury of trafficking in cocaine. Although he raises three issues on appeal, we find merit only in Appellant’s argument that the court failed to give the proper jury instruction on entrapment. Under Broker v. State, 726 So.2d 307 (Fla. 2d DCA 1998), we must reverse and remand for further proceedings.
On July 16, 1998, the Florida supreme court modified the jury instruction required to be given in entrapment eases. The modification clarified and detailed the burden of proof in entrapment cases, explaining what the burden of proof is and who bears it at what point in the trial. See In re Standard Jury Instructions in Criminal Cases, 723 So.2d 123 (Fla.1998).
The instant trial was held on September 23,1998, almost two months after the Florida supreme court, revised the entrapment instruction. Despite Appellant’s request that the jury be given the newly revised instruction, the court declined to do so, and gave the former version of the instruction. This is reversible error. See Broker.
*155 Accordingly, we reverse .and remand for further proceedings.
GREEN and SALCINES, JJ., Concur.