PER CURIAM.
Armando Santana, pro se, appeals a final order of the Department of Financial Services denying his application for licen-sure as a resident Florida title insurance agent.[1] The Department’s denial was based on Santana’s prior criminal record, and the order further imposed a 24-year waiting period[2] for re-application. We summarily affirm the denial under Florida Rule of Appellate Procedure 9.315(a), finding that the Department was well within its discretion in denying the application. *1263 However, we summarily reverse and remand for recalculation of the waiting period.
During the pendency of this appeal, the First District Court of Appeal per curiam affirmed the Department’s appeal from the Amended Final Order in Santana v. Department of Financial Services, No. 09-0829RX (Dept. of Admin. Hearings Apr. 29, 2010), finding that the Department had improperly enacted and interpreted its Rules for the computation of waiting periods when it denied an application for licen-sure based on the applicant’s prior criminal history. Dept. of Financial Servs. v. Santana, 1D10-2744, 2011 WL 1289035 (Fla. 1st DCA April 5, 2011)(per curiam affirmed). As this is a pipeline case, i.e. still pending on appeal when there has been a change in the law as applied specifically to him, State v. Ruiz, 863 So.2d 1205, 1209 n. 6 (Fla.2003) (“Pipeline cases are those cases pending on direct appellate review or are otherwise not yet final at the time of a pertinent change in the law.”), Santana is entitled to the benefit of that result. “An appellate court must apply the law that exists at the time of the appeal.” St. John v. Coisman, 799 So.2d 1110 (Fla. 5th DCA 2001) (citing Lowe v. Price, 437 So.2d 142 (Fla.1983)). On this basis Santana is entitled to relief from the 24-year (net) waiting period imposed in his case as the rules applying to calculation of these waiting periods have been affected.
Summarily affirmed in part, reversed in part, and remanded for further proceedings.

. §§ 626.611, .841, Fla. Stat. (2008).

. The final order applied the twenty-five year waiting period under Florida Administrative Code Rule 69B-211.042(8) and (9), reduced by one year as mitigation for his return to higher education after his release from incarceration. Fla. Admin. Code R. 69B-211.042(10)(a)6.