PER CURIAM.
In Castano v. State, 65 So.3d 546 (Fla. 5th DCA 2011), the Fifth District Court of Appeal affirmed the denial of Claudia Ver-gara Castano’s postconviction motion. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. In this timely filed initial postconviction motion, Castaño raised the same claim raised in Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), which held that defense counsel was deficient for failing to advise his client of mandatory deportation consequences for pleading guilty. Castano’s postconviction proceeding was pending when the United States Supreme Court issued Padilla. Therefore, although we held that Padilla does not apply retroactively in Hernandez v. State, — So.3d - (Fla.2012), Padilla does apply to Castano’s pending case. On that basis, we quash the Fifth District’s decision and remand for further proceedings.
It is so ordered.
POLSTON, C.J, and LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., concurs with an opinion, in which QUINCE and PERRY, JJ., concur.