FORST, J.
We affirm the summary denial of appellant’s timely Florida Rule of Criminal Procedure 8.850 motion. We conclude that the claim of ineffective assistance of trial counsel filed in reliance on Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), was appropriately denied, because the “new rule” set forth in Padilla does not apply retroactively, as the appellant’s conviction had become final and he had filed neither a direct appeal nor a Rule 3.850 motion prior to the Padilla decision.
On October 7, 2009, Wilber Perez entered a negotiated plea to manufacturing cannabis and felony possession of cannabis. The court withheld adjudication and placed him on probation. He did not appeal. On October 5, 2011, Perez filed a timely motion for postconviction relief under Rule 3.850. Among other things,[1] citing Padilla, he argued that his attorney was ineffective in failing to advise him of the inevitable deportation consequences of his plea. The motion alleged that counsel led Perez to believe that “because he was Cuban, he would not have deportation issues.” The trial court denied this claim based on the State’s response which pointed out that Perez acknowledged during the plea colloquy that “this plea could affect your immigration status and could indeed result in your deportation.”
The Florida Supreme Court, however, subsequently held that an equivocal “may” or “could” warning is not alone sufficient to refute such a claim where the deportation consequence is truly clear and automatic from the face of the statute. Hernandez v. State, - So.3d -, 2012 WL 5869660, 37 Fla. L. Weekly S730, S731-32 (Fla. Nov. 21, 2012) (disagreeing in part with Flores v. State, 57 So.3d 218 (Fla. 4th DCA 2010)). Where the deportation consequence is clear, as it is for the felony drug manufacturing and possession offenses at issue in this case, Padilla requires an attorney to provide accurate advice. An admonition from the court that the plea “may” result in deportation is not alone enough to conclusively refute such a claim.
*51 In Hernandez, the Florida Supreme Court also held that Padilla, which was decided on March 31, 2010, does not apply retroactively. Id. at ---, S730. However, in a decision issued the same day as Hernandez, the Florida Supreme Court applied Padilla retroactively in a case wherein the defendant’s timely Rule 3.850 motion, raising the same issue that had been introduced by Padilla in his appeal, was pending in the trial court at the time Padilla was decided. The petitioner in Castano v. State, 119 So.3d 1208, 2012 WL 5869668 (Fla. Nov. 21, 2012), had timely filed her postconviction motion just months after her plea and prior to the U.S. Supreme Court’s ruling in Padilla.
As noted above, Perez’s conviction had become final prior to Padilla and, as distinguished from the situation in Castaño, Perez had not filed his postconviction motion until after the Court had announced its new Padilla rule. In Castano, the court’s opinion noted that the basis for its decision to rule in favor of the posteonviction movant was because “Castano’s post-conviction proceeding was pending when the United States Supreme Court issued Padilla.” Castano, 119 So.3d at 1208. The narrowness of the Florida Supreme Court’s Castaño exception with respect to retroactivity is reflected in Justice Par-iente’s concurring opinion in Hernandez, wherein she states (with reference to her concurring opinion in Castaño) “Padilla applies to those cases in which, at the time Padilla was decided, the initial postconviction proceeding was not yet final and the defendant had raised a claim of ineffective assistance of counsel for failing to advise of the deportation consequences of a plea.” Hernandez, - So.3d at -, 37 Fla. L. Weekly at S733 (Pariente, J., concurring) (emphasis added).
Justice Pariente also authored a concurring opinion in Castaño which further provides some context for her decision to treat Ms. Castaño differently than Mr. Hernandez with respect to the retroactive application of Padilla. The opinion notes that Castaño entered her plea in March 2009 and subsequently filed her postcon-viction motion in November 2009, asserting (among other grounds) that her counsel had failed to advise her about the deportation consequences associated with her guilty plea. Castano, 119 So.3d at 1209 (Pariente, J., concurring). Padilla was issued in March 2010, some four months after Castaño had filed her post-conviction motion. “Given the procedural posture of this case — where the defendant timely raised the same postconviction claim as the defendant in Padilla and the resolution of her claim was still pending at the time Padilla was decided — it is in effect a “pipeline” case for purposes of whether Padilla applies.” Castano, 119 So.3d at 1210 (Pariente, J., concurring).
Shortly after the Florida Supreme Court’s Hernandez and Castaño decisions, the United States Supreme Court concluded that a defendant may not obtain federal relief under Padilla where the defendant’s conviction became final on direct review before Padilla was decided. Chaidez v. United States, - U.S. -, -, 133 S.Ct. 1103, 1113, 185 L.Ed.2d 149 (2013). The Court held that Padilla announced a “new rule” and, therefore, under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), which controls federal retroactivity analysis, “defendants whose convictions became final prior to Padilla ... cannot benefit from its holding.” 133 S.Ct. at 1113. We note that the conviction of Perez, the appellant in the instant case, had become final prior to Padilla and he did not file a postconviction motion until *52 after Padilla had been issued. Thus, under federal retroactivity analysis, Padilla could not be applied retroactively to the benefit of Perez.
Florida courts “rarely [find] a change in decisional law to require retroactive application.” Hughes v. State, 901 So.2d 837, 846 (Fla.2005) (quoting Mitchell v. Moore, 786 So.2d 521, 529 (Fla.2001)). “[T]o determine whether a new rule applies retroactively to final cases in postcon-viction proceedings ... courts in Florida conduct a retroactivity analysis under Witt v. State, 387 So.2d 922 (Fla.1980).” Barrios-Cruz v. State, 63 So.3d 868 (Fla. 2d DCA 2011) (quoting State v. Fleming, 61 So.3d 399, 403 (Fla.2011)). The Second District Court of Appeal in Barrios-Cruz applied Witt to a case dealing with the issue of the retroactivity of Padilla, stating:
Under Witt, a change of law will not be applied retroactively “unless the change: (a) emanates from [the Supreme Court of Florida] or the United States Supreme Court, (b) is constitutional in nature, and (c) constitutes a development of fundamental significance.” 387 So.2d at 931. Because Padilla is a United States Supreme Court decision that is constitutional in nature, the first two elements of this analysis have been satisfied. Accordingly, the question becomes whether Padilla represents a development of fundamental significance. Witt divides such developments into two categories: “those changes of law which place beyond the authority of the state the power to regulate certain conduct or impose certain penalties,” and “those changes of law which are of sufficient magnitude to necessitate retroactive application as ascertained by the three-fold test of Stovall [v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) ] and Linkletter [v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965) ].” Id. at 929, 85 S.Ct. 1731 [Id. at 929], Because the holding in Padilla does not fall within the first category, the analysis turns upon the three factors presented in Stovall and Linkletter. These factors include: “(a) the purpose to be served by the new rule; (b) the extent of reliance on the old rule; and (c) the effect on the administration of justice of the retroactive application of the new rule.” Id. at 926, 85 S.Ct. 1731 [Id. at 926].
Barrios-Cruz, 63 So.3d at 871. In Hernandez, the Florida Supreme Court determined that the first two above-referenced “factors,” (“(a) the purpose to be served by the new rule” and “(b) the extent of reliance on the old rule”) “weigh[ ] against a finding that Padilla is retroactively applicable.” Hernandez, - So.3d at -, 37 Fla. L. Weekly at S732. The court also found that:
Witt’s third factor weighs against retroactive application because retroactive application of Padilla would have an adverse impact on the administrative of justice. As the Third District in Hernandez observed,
[ t]he insufficiency of the previously-sufficient deportation warning during thousands of past plea colloquies for noncitizens would pave the way for motions to vacate those pleas and convictions. Evidentiary hearings would follow. The concern expressed in another immigration warning case, that for any such case in which a plea is set aside, “the passage of time between the guilty plea and the postcon-viction motion puts the State at a great disadvantage in seeking to try the case to conviction,” State v. Green, 944 So.2d 208, 216 (Fla.2006), applies with equal force here.
*53 Hernandez [v. State], 61 So.3d [1144] at 1151 [(Fla. 3d DCA 2011)]. Indeed, many of the cases could involve overturned convictions, stale records, lost evidence, and unavailable witnesses. Chandler [v. Crosby], 916 So.2d [728] at 730-31 [(Fla.2005)].
Hernandez, - So.3d at -, 37 Fla. L. Weekly at S732. In Hernandez, the ineffective assistance of counsel motion was filed nine years after Hernandez’s plea. Id. at ---, S731. By contrast, after Padilla was decided on March 31, 2010, the petitioner in the instant case filed his motion on October 5, 2011, within the two-year time limit for raising a postconviction challenge under Rule 3.850(b).
Thus, arguably, retroactive application of Padilla in the instant case wherein the ineffective assistance of counsel motion was filed within the two-year limit would not have a significant “adverse impact on the administration of justice.” However, we note that in Hughes, cited above, the issue of the retroactivity of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), arose when Hughes filed a motion under Rule 3.800(a) to correct an illegal sentence within two years of Hughes’ conviction becoming final. See Hughes v. State, 826 So.2d 1070, 1071-72 (Fla. 1st DCA 2002) (Hughes’ conviction and sentence were affirmed on direct appeal and mandate issued on December 29, 1999; Apprendi was issued on June 26, 2000; Hughes filed his postcon-viction motion under Rule 3.800(a) on March 7, 2001). Nonetheless, the Florida Supreme Court ruled that, “[b]ased on our consideration of the Stovall/Linkletter factors, we conclude that the new criminal procedure rule announced in Apprendi does not warrant retroactive application.” Hughes, 901 So.2d at 846. In the instant case, at least two of the three Witt factors weigh against retroactive application and, in contrast to Castano, Perez filed his postconviction motion after the Supreme Court had issued its Padilla opinion. “[T]he interest in finality for criminal convictions, and the potential effects on the administration of justice, strongly weigh against applying Padilla retroactively.” Mortimer v. State, 96 So.3d 1060, 1063 (Fla. 4th DCA 2012). Absent the unique circumstances of Castaño, we find that Padilla does not retroactively apply.

Affirmed.

TAYLOR, J., concurs.
STEVENSON, J., dissents with opinion.

. The motion raised two other claims which have not been argued on appeal and are, therefore, abandoned. Hammond v. State, 34 So.3d 58, 59 (Fla. 4th DCA 2010).