STEVENSON, J.,
dissenting.
I respectfully dissent. Although Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), is not retroactive, see Hernandez v. State, - So.3d -, 2012 WL 5869660, 37 Fla. L. Weekly S730, S731-32 (Fla. Nov. 21, 2012), and Chaidez v. United States, - U.S. -, -, 133 S.Ct. 1103, 1113, 185 L.Ed.2d 149 (2013), I would nevertheless find it applicable here because, like the postconviction claim in Castano v. State, 119 So.3d 1208, 2012 WL 5869668 (Fla. Nov. 21, 2012), Perez’s case was effectively “in the pipeline” when Padilla was decided.
In Florida, the longstanding “pipeline” rule requires that “disposition of a case on appeal should be made in accord with the law in effect at the time of the appellate court’s decision rather than the law in effect at the time the judgment appealed was rendered.” Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467, 468 (Fla.1978). The pipeline rule applies even where a new decision is deemed to have only prospective application. See Nolte v. State, 726 So.2d 307, 308-09 (Fla. 2d DCA 1998) (citing Hendeles). Justice Par-iente’s concurring opinion in Castaño made it clear that the Florida Supreme Court’s *54 decision to apply Padilla there was not based on principles controlling the retroactive application of new law but rather on a “pipeline” analysis. The retroactivity test of Witt v. State, 387 So.2d 922 (Fla.1980), was not implicated. Justice Pariente explained:
Moreover, this case is distinguishable from those cases in which we have restricted the benefit of new law to “pipeline” cases — that is, cases in which an appellate court mandate has not yet issued on direct appeal. Those cases typically involved new law on issues that would be raised during direct appeal— not postconviction. See Hughes v. State, 901 So.2d 837, 838 (Fla.2005) (sentencing issue — application of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt”); Johnson v. State, 904 So.2d 400, 405, 407 (Fla.2005) (sentencing issue—application of “Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which held that a jury, not a judge, must find every fact upon which eligibility for the death penalty depends”); Smith v. State, 598 So.2d 1063, 1064 (Fla.1992) (sentencing issue — “when an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines”).
In contrast to the above “pipeline” cases, Padilla created new law that would apply to a claim raised in postcon-viction, not on direct appeal. Given the procedural posture of this case — where the defendant timely raised the same postconviction claim as the defendant in Padilla and the resolution of her claim was still pending at the time Padilla was decided — it is in effect a “pipeline” case for purposes of whether Padilla applies. Cf. Barthel v. State, 882 So.2d 1054, 1055 (Fla. 2d DCA 2004) (applying this Court’s decision in Nelson v. State, 875 So.2d 579 (Fla.2004)—which established new law regarding the requirements for an ineffective assistance of counsel claim for failing to call a witness—to the appeal from the denial of a postconviction motion, because the “appeal was in the ‘pipeline’ at the time Nelson became final,” and therefore the defendant “is entitled to the benefit of the controlling law in Nelson in effect at the time of appeal”).
119 So.3d at 1211 (Pariente, J., concurring).
Like Castaño, this case stands in stark contrast to Hernandez v. State, - So.3d -, 2012 WL 5869660, 37 Fla. L. Weekly S730, S731-32 (Fla. Nov. 21, 2012), in which the Florida Supreme Court refused to apply Padilla where the defendant waited nine years after his 2001 plea to move for postconviction relief. Hernandez’s initial postconviction proceedings were final before Padilla was decided. Here, Perez timely filed his motion for postconviction relief within the two-year time limit for raising a challenge under rule 3.850(b). I recognize that Castaño had already filed her postconviction motion and raised the issue when Padilla was decided while Perez had not. However, the right materialized (essentially creating a new postconviction claim for ineffective assistance of counsel — and a new basis to challenge a plea) before Perez’s time for bringing a postconviction challenge to the plea in his case had expired. At the time Perez filed his initial and timely motion for postconviction relief, Padilla was the controlling law in effect for the claims raised. Indeed, the most compelling similarity in the procedur *55 al posture of Castano’s and Perez’s cases is that Padilla was the controlling law in effect before the appellate court resolved either of their initial postconviction claims. A further similarity is that both Castano’s and Perez’s convictions were “final” for the purposes of direct appeal at the time Padilla was decided.
Justice Pariente’s observation in Casta-ño that “it would be inequitable and illogical to hold that only one of two similarly situated defendants ... should receive the benefit of the United States Supreme Court’s decision” applies with equal force to the case at hand. 119 So.3d at 1211. Accordingly, I would reverse the summary denial of Perez’s timely rule 3.850 motion and remand the case for further proceedings. Because I do not believe that the recent case of Chaidez v. United States resolves the Florida appellate “pipeline” issue presented here, I would certify the following question as one of great public importance:
May a defendant raise a claim of ineffective assistance of trial counsel under Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), where the claim is raised within the two-year time limitation of rule 3.850 but where the conviction at issue became final on direct appeal before Padilla was decided?