LaROSE, Judge,
Concurring.
I concur fully in the court’s decision to reverse the postconviction court’s order. I write to express my view that, on remand, the postconviction court must consider carefully the impact of the United States Supreme Court’s decisions in Lafler v. Cooper, — U.S. —, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and Missouri v. Frye,— U.S. —, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), and the Supreme Court of Florida’s decision in Alcorn v. State, 121 So.3d 419 (Fla.2013), on the Strickland prejudice prong. A bit of history will be helpful.
In Cottle v. State, 733 So.2d 963, 966-67 (Fla.1999), our supreme court “recognized that counsel’s acts or omissions bearing on a defendant’s decision to reject a plea offer and proceed to trial could establish the basis for a legally sufficient ineffective assistance claim under Strickland.” Alcorn, 121 So.3d at 426. Cottle “adopted a modified Strickland analysis to be applied where the basis for an accused’s ineffective assistance claim hinged on counsel’s failure to properly advise him or her about the State’s plea offer, resulting in the accused’s rejection of that offer.” Alcorn, 121 So.3d at 426. Cottle ⅛ three-part test for establishing a prima facie ineffectiveness claim was whether “(1) counsel failed to communicate a plea offer or misinformed defendant concerning the penalty faced; (2) defendant would have accepted the plea offer but for the inadequate notice; and (3) acceptance of the State’s plea offer would have resulted in a lesser sentence.” Cottle, 733 So.2d at 967. The Cottle court rejected any requirement that the trial court would have accepted the plea had it been conveyed to and accepted by the defendant because “any finding on that issue would necessarily have to be predicated upon speculation.” Id. at 969.
Subsequently, in Morgan v. State, 991 So.2d 835, 839-40 (Fla.2008), the supreme court adopted Cottle’s three-part modified Strickland test for ineffective-assistance-of-counsel claims arising from the plea stage and confirmed that such claims could be based on the counsel’s advice to reject a plea offer. See also Alcorn, 121 So.3d at 426.
We applied the Cottle test to such a claim in Beasley v. State, 964 So.2d 213 (Fla. 2d DCA 2007), the facts of which mirror those here. The trial court sentenced Mr. Beasley to thirty years in prison after he rejected the State’s fifteen-year plea offer. Id. at 215. In his post-conviction motion, he asserted that trial counsel was ineffective for advising him to reject the State’s fifteen-year plea offer and failing to inform him that he could receive an enhanced habitual felony offender (HFO) sentence of thirty years. Id. Mr. Beasley’s trial counsel admitted that she counseled him to reject the plea *510 offer. Id. However, she did not recall her advice about the HFO notice and she had no notes. Id. The postconviction court denied Mr. Beasley’s claim because it chose not to believe his testimony that he had not learned about HFO sentencing when he was in prison, even though his testimony was unrefuted. Id. at 216.
On appeal, we reversed, holding that competent substantial evidence did not support the postconviction court’s factual findings that Mr. Beasley had knowledge of the consequences of rejecting the plea offer. Id. at 217. Our determination of prejudice, using the Cottle test, focused not on trial counsel’s advice to reject the plea, but on trial counsel’s failure to advise him of the consequences of rejecting the plea— that the maximum sentence could be doubled. See Beasley, 964 So.2d at 216.
In 2012, the Supreme Court decided La-fler and Frye. Lafler held that a federal habeas petitioner was prejudiced by his trial counsel’s deficient performance in advising him to reject a plea offer because he could not be convicted at trial.[1] 132 S.Ct. at 1384-91. In so holding, the Supreme Court applied an apparently enhanced prejudice analysis requiring the petitioner to demonstrate that “the prosecution would not have withdrawn [the plea offer] in light of intervening circumstances [and] that the court would have accepted its terms.” Id. at 1385. The Supreme Court affirmed the Sixth Circuit’s holding that Lafler had demonstrated prejudice.[2] Id. at 1391.
In Frye, the Supreme Court held that trial counsel performed deficiently by failing to inform Mr. Frye of a written plea offer before it expired. 132 S.Ct. at 1409. However, the Supreme Court reversed the state appeals court’s holding that Mr. Frye had established prejudice and remanded because, even though Mr. Frye could show he would have accepted the plea offer, the appeals court failed to require Mr. Frye to show “a reasonable probability [that] neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented.” Id. at 1410. The Court observed that there was “strong reason to doubt the prosecution and the trial court would have permitted the plea bargain to become final” because of an intervening event: Mr. Frye was arrested for a new offense of driving without a license. Id. at 1411.
Admittedly, Lafler and Frye involve counsel’s failure to convey a plea offer or affirmative advice to reject an offer. Nevertheless, Lafler and Frye seemingly require, as a general proposition, that the defendant show that he would have accepted the plea and that neither the State nor the trial court would have thwarted implementation of the defendant’s expectation. Lafler and Frye shift the prejudice landscape for ineffective assistance of counsel *511 claims based on rejected plea offers. Al-corn, 121 So.3d at 429.
Building on Lafler and Frye, our supreme court, in Alcorn, constructed what appears to be a more onerous schema to establish Strickland prejudice in Florida:
[T]he defendant must demonstrate a reasonable probability, defined as a probability sufficient to undermine confidence in the outcome, that
(1) he or she would have accepted the offer had counsel advised the defendant correctly,
(2) the prosecutor would not have withdrawn the offer,
(3) the court would have accepted the offer, and
(4) the conviction or sentence, or both, under the offer’s terms would have been less severe than under the judgment and sentence that in fact were imposed.
Alcorn, 121 So.3d at 422. Points (1) and (4) cling to points (2) and (3) of the longstanding Cottle test. But, anchored to Lafler and Frye, Alcorn apparently imposes an expanded inquiry, requiring the defendant to show that the prosecutor would not have withdrawn the offer and the trial court would have approved the plea deal.
Because Alcorn issued after briefing was complete in this case, we ordered supplemental briefing to allow the parties an opportunity to weigh in on its impact. They agree that Alcorn applies to determine whether Mr. Odegaard demonstrated prejudice.
Alcorn did not change the existing three elements of the existing Florida test, first set forth in Cottle, for claims of ineffective assistance of counsel for acts or omissions bearing on a defendant’s decision to reject a plea offer. See Alcorn, 121 So.3d at 426. Alcorn words the first two as whether “(1) counsel failed to convey a plea offer or misinformed the defendant concerning the possible sentence he faced; (2) the defendant would have accepted the plea but for counsel’s failures.” Id. As stated earlier, Cottle worded them as whether “(1) counsel failed to communicate a plea offer or misinformed defendant concerning the penalty faced; [and] (2) defendant would have accepted the plea offer but for the inadequate notice.” 733 So.2d at 967. Beasley worded them as whether “(1) counsel failed to communicate a plea offer or misinformed the defendant concerning the penalties [and] (2) the defendant would have accepted the plea offer but for the inadequate communication.” Beasley, 964 So.2d at 216.
Each variation uses the term “misinformed” regarding trial counsel’s deficient performance in advising the defendant of the possible sentence. Trial counsel did not affirmatively tell Mr. Odegaard that his sentences could not be imposed consecutively; he failed to inform Mr. Odegaard that he faced a possible forty-five-year sentence. The test, both pre- and post-Alcom, applies the words “inadequate”[3] and “failures” to both failing to communicate a plea offer and to “misinforming” the defendant concerning the possible sentence. To me, the word “misinform” applies to omissions as well as to affirmative misadvice.
What appears to be a more exacting prejudice analysis under Lafler, Frye, and Alcorn causes critics to pounce on the speculative nature of the requirements that the defendant demonstrate that, absent counsel’s misadvice, he would have taken the plea offer, the State would not *512 have withdrawn the offer, and the trial court would have accepted it. Dissenting in Frye, Justice Scalia pointedly observed that the test consists of “retrospective crystal-ball gazing” rather than legal analysis. Frye, 132 S.Ct. at 1413 (Scalia, J., dissenting). Aaron K. Friess, in Soothsaying with a Foggy Crystal Ball: A Critique of the U.S. Supreme Court’s Remedy for Ineffective Assistance of Counsel when a Criminal Defendant Rejects a Plea Bargain [Lafler v. Cooper, — U.S. —, 132 S.Ct. 1376, 182 L.EdM 398 (2012) ], criticizes Lafler ⅛ prejudice test for “depending] largely on speculative hindsight ..., improperly rel[ying] on post-hoc inquiries into the relative likelihood of events that, by necessity, never occurred ... [and] wherein the court ... must try to analyze how the prosecution and judge would have exercised their discretion had this plea come before them.”[4] 52 Washburn L.J. 147, 164-65 (2012) (internal citations omitted). “[H]inging a defendant’s constitutional rights on speculative hindsight inquiries constitutes an uncomfortable step in Sixth Amendment jurisprudence.” Id. at 167.
I am more sanguine. Strickland’s prejudice test retains its vitality even under Frye, Lafler, and Alcorn. The key to the core inquiry is whether counsel’s deficient conduct created “a reasonable probability that ... the result of the proceeding would have been different.” Strickland, 466 U.S. at 695, 104 S.Ct. 2052; accord Porter v. McCollum, 558 U.S. 30, 41, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009). “A reasonable probability is a probability sufficient to undermine confidence in [that] outcome.” Strickland, 466 U.S. at 669,104 S.Ct. 2052; accord Porter, 558 U.S. at 44, 130 S.Ct. 447; Alcorn, 121 So.3d at 430. Accordingly, the postconviction court need not plumb the ether to determine whether the defendant would have accepted the plea had trial counsel advised him of all pertinent matters. The postconvietion court need not find even that the defendant more likely than not would have accepted the plea. Rather, the probability that the defendant would have taken the plea need be only sufficient to undermine confidence that he would have rejected the plea regardless.
Frye provides a framework for applying this confidence standard to the added prejudice test inquiries:
It can be assumed that in most jurisdictions prosecutors and judges are familiar with the boundaries of acceptable plea bargains and sentences. So in most instances it should not be difficult to make an objective assessment as to whether or not a particular fact or intervening circumstance would suffice, in the normal course, to cause prosecutorial withdrawal or judicial nonapproval of a plea bargain. The determination that there is or is not a reasonable probability that the outcome of the proceeding would have been different absent counsel’s errors can be conducted within that framework.
Frye, 132 S.Ct. at 1410.
Even though Alcorn issued after the postconviction court denied Mr. Ode-gaard’s motion, the Alcorn prejudice inquiry applies because his appeal was pending when Alcorn issued. See Smith v. State, 598 So.2d 1063, 1066 (Fla.1992). Florida’s “pipeline” rule,[5] that appellate courts *513 should decide cases in accord with the law in effect at the time of the appeal rather than the law in effect at the time of the order on appeal, has typically been applied to “new law on issues that would be raised during direct appeal — not postconviction.” Castaño v. State, 119 So.3d 1208, 1210 (Fla.2012) (Pariente, J., concurring). However, recent cases suggest an expansion of the “pipeline” analysis to new law that applies to postconviction claims where the resolution of the postconviction claim was still pending when the new case was decided. Id. Castaño applied new law from Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), that would apply to a postconviction claim, to the appeal of a denial of a postconviction motion using a “pipeline” analysis. Castaño, 119 So.3d at 1208. Barthel v. State, 882 So.2d 1054, 1055 (Fla. 2d DCA 2004), applied new law from Nelson v. State, 875 So.2d 579 (Fla.2004), regarding ineffective-assistance-of-counsel claims, to the appeal of a denial of a postconviction motion. But see Perez v. State, 120 So.3d 49, 51 (Fla. 4th DCA 2013) (following Chaidez v. United States, — U.S. —, —, 133 S.Ct. 1103, 1113, 185 L.Ed.2d 149 (2013), a post-Castano case holding that under federal retroactivity analysis in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), “defendants whose convictions became final prior to Padilla ... cannot benefit from its holding”).
The postconviction court made no finding of prejudice. As the court holds, Mr. Odegaard demonstrated deficient performance by trial counsel. On remand, in my view, the postconviction court must now assess the impact of Lafler, Frye, and Alcorn on Strickland’s prejudice prong.

. The State, in Lafler, conceded that trial counsel's performance was deficient. 132 S.Ct. at 1383.

. The Supreme Court observed that the Sixth Circuit and other federal appellate courts employed such an enhanced prejudice analysis. Lafler, 132 S.Ct. at 1385. That conclusion may sweep too broadly. None of the cited cases used an enhanced prejudice standard. Cooper v. Lafler, 376 Fed.Appx. 563, 569-70 (6th Cir.2010), used the longstanding rule that a petitioner who rejected a plea offer must show a " ‘reasonable probability that, but for his counsel's erroneous advice ... he would have accepted the [S]tate’s plea offer.' ” (quoting Magana v. Hofbauer, 263 F.3d 542, 551 (6th Cir.20pl)), overruled by Lafler v. Cooper, — U.S. —, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). The Sixth Circuit held that Lafler’s uncontradicted testimony — that had his counsel correctly advised him, he would have accepted the State’s offer — demonstrated that Lafler was prejudiced by his counsel's deficient performance. Id. at *8-9.

. "Inadequate” means "[ijnsufficient; disproportionate; lacking in effectiveness or in conformity to a prescribed standard or measure.” Black’s Law Dictionary 758 (6th ed. 1990) (emphasis added).

. Requiring trial judges to testify in such cases as to whether they would have accepted the pleas would commit scarce judicial resources to speculation about decisions the judges were never called upon to make.

. "Pipeline” cases generally talk about allowing the defendant the "benefit” of the new law. See, e.g., Griffith v. Kentucky, 479 U.S. 314, 323, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (stating that applying new rules to *513 cases pending on direct review prevents inequity by allowing similarly situated defendants to benefit); Smith v. State, 598 So.2d 1063, 1065 (Fla.1992) (discussing requirement for defendant to "benefit of a change in the law” in a similar case pending on direct review); Castaño v. State, 119 So.3d 1208, 1209 (Fla.2012) (Pariente, J., concurring) ("Fundamental fairness demands that Castaño receive the benefit of Padilla [v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)].”); Boardman v. State, 69 So.3d 367, 369 (Fla. 2d DCA 2011) (holding defendant was not enti-tied to benefit of Blakely because his sentences became final before it was issued); Perez v. State, 120 So.3d 49, 52 (Fla. 4th DCA 2013) ("Padilla could not be applied retroactively to the benefit of Perez.”); Santana v. Fla. Dep’t of Fin. Servs., 61 So.3d 1262, 1263 (Fla. 3d DCA 2011) (holding Santana was "entitled to the benefit of ... a change in the law as applied specifically to him”). In contrast here, the new law in Alcorn benefits the State because it arguably adds elements that the defendant must establish to prevail.