KELLY, Judge.
The State appeals from an order granting postconviction relief to Jonathan Ogando-Deberas and vacating his guilty pleas, judgments, and sentences in circuit court case numbers 08-CF-22244 and 09-CF-15104 based on the holding in Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). Because we agree with the State that Padilla does not apply to Mr. Ogando-Deberas’s cases, we reverse.
In 2009, Mr. Ogando-Deberas pleaded guilty in case number 08-CF-22244 to burglary of an unoccupied dwelling and grand theft. The court withheld adjudication and placed Mr. Ogando-Deberas on three years’ probation. While on probation, Mr. Ogando-Deberas committed another grand theft. On January 19, 2010, he pleaded guilty to that charge in case number 09-CF-15105. The court revoked Mr. Ogando-Deberas’s probation, adjudicated him guilty, and sentenced him to 364 days in jail followed by three years’ probation. Mr. Ogando-Deberas did not file a direct appeal in either case and his convictions became final on February 18, 2010.
In November 2010, relying on the United States Supreme Court decision in Padilla, Mr. Ogando-Deberas sought to withdraw his pleas, alleging his attorney failed to advise him that deportation was a mandatory consequence of his convictions. Following an evidentiary hearing, the trial court denied Mr. Ogando-Deberas relief based on his statements during the plea colloquy that he understood his plea could subject him to deportation.
Mr. Ogando-Deberas filed a motion for rehearing. After a hearing, the postcon-viction court granted Mr. Ogando-Deber-as’s motion and vacated his guilty pleas, judgments, and sentences in both cases. Citing to Hernandez v. State, 124 So.3d 757, 759 (Fla.2012), the court stated:
[Ujnder Padilla, the trial court’s warning to a defendant that “the plea may subject him or her to deportation,” as required by Florida Rule of Criminal Procedure 3.172(c)(8), does not preclude a finding of ineffective assistance of counsel.... Because [defense counsel] could not testify to exactly what he told Defendant regarding the deportation consequences, and the Court[’]s warning [during the plea colloquy] does not preclude a finding of ineffective assistance of counsel, the court finds Defendant has proven both prongs of Strickland and is entitled to relief under Padilla.
On appeal, the State argues that Padilla does not apply because Mr. Ogando-Deberas’s convictions were final before the decision in Padilla was issued. We agree. While the Supreme Court’s decision in Padilla held that failure to warn a defendant of deportation consequences is deemed ineffective assistance of counsel, the Florida Supreme Court has held that Padilla, which was decided on March 31, 2010, does not apply retroactively. See Hernandez, 124 So.3d at 759; see also Barrios-Cruz v. State, 63 So.3d 868 (Fla. 2d DCA 2011); Perez v. State, 120 So.3d 49 (Fla. 4th DCA 2013). Thus, the postconviction court erred in applying Padilla to Mr. Ogando-Deberas’s cases.
Accordingly, we reverse the order granting Mr. Ogando-Deberas’s postconviction motion and remand with instructions to reinstate his judgments and sentences in case numbers 08-CF-22244 and 09-CF-15104.
Reversed and remanded with instructions.
*463 CRENSHAW, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.