# Third District Court of Appeal

**State of Florida**

Opinion filed May 30, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-348
Lower Tribunal No. 15-7068B

_____

**Ronald Thompson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler-Mendez, Judge.

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and SALTER and FERNANDEZ, JJ.

ROTHENBERG, C.J.

The sole issue raised in this direct appeal is whether the trial court abused its discretion by admitting what has been characterized by the appellant, Ronald Thompson ("the defendant"), as an anonymous 911 call at his trial, at which he was convicted of strong arm robbery and battery. Because the 911 call was not anonymous and was admissible as a spontaneous statement and an excited utterance, we affirm.

The evidence is as follows. Mr. and Mrs. Benson were vacationing in Miami and were at a restaurant seated at an outdoor table facing the sidewalk on Ocean Drive. When Mrs. Benson left the table to use the restroom, she left her purse on the table with her husband. Shortly thereafter, a woman and the defendant approached Mr. Benson. The woman asked Mr. Benson for a lighter and after he twice told her that he did not smoke and did not have a lighter, the woman grabbed Mrs. Benson's purse and ran off. When Mr. Benson tried to pursue her, the defendant grabbed Mr. Benson by the shirt and pulled him off his chair in order to keep him from pursuing the woman. Mr. Benson broke free and began chasing the woman while the defendant chased Mr. Benson.

During the chase, the woman screamed: "Help, this man is trying to rob me, and steal my purse," and the defendant followed up with his own misdirection: "Help, this guy is trying to rob my wife, trying to steal her purse." Mr. Benson caught up to the woman and pulled his wife's purse from the woman's hands as the

woman tried to kick him and as the defendant grabbed Mr. Benson and repeatedly punched him in the back. Security officers tackled both men and the woman fled. Law enforcement arrived shortly thereafter, and they were also able to apprehend the woman. After conducting their investigation, the police arrested the woman and the defendant.

During the defendant's trial, the trial court admitted, over defense objection, the 911 call that was placed at 1:41 a.m. from the crime scene as an excited utterance and/or a spontaneous statement. The substance of the call is as follows:

CALLER: I'm calling for [sic] address 1052 Ocean Drive.

OPERATOR: 1052 Ocean Drive. You need rescue or police?

CALLER: Police, please.

OPERATOR: What's the problem sir?

CALLER: Ugh . . . We had a gentleman who just walked by; tried to steal the purse of a lady and we caught him. And the lady is here to (unintelligible).

OPERATOR: Okay, hold on one second.

CALLER: [shouting to someone at the scene] Donald, watch him please, thank you bro.

OPERATOR: Hold on. Okay, what is your name sir?

CALLER: Anthony.

OPERATOR: Your phone number please.

CALLER: [specific phone number given].

OPERATOR:  Is he a white male, black male?

CALLER:  Black male.

OPERATOR: Black male, and what was he wearing, what kind of shirt, what kind of pants?

CALLER: He is wearing blue jeans with a gray T-shirt.

OPERATOR: Is he violent?

CALLER:  Doesn't seem to be, but [unintelligible] security is holding him right now.

OPERATOR: Okay, I'll get someone there.

CALLER:  Thank you.

## ANALYSIS

We review a trial court's decision to admit evidence under an abuse of discretion standard, Williams v. State, 967 So. 2d 735, 747-48 (Fla. 2007), and "[d]iscretion 'is abused only where no reasonable man would take the view adopted by the trial court.'"  Nolte v. State, 726 So. 2d 307, 309 (Fla. 2d DCA 1998) (quoting Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980)).

A hearsay statement (an out-of-court statement offered to prove the truth of the matter asserted) is admissible, regardless of the availability of the declarant, if the statement was either a spontaneous statement under section 90.803(1) or an excited utterance under section 90.803(2), Florida Statutes (2016).  In this case, the

4

trial court found that both of these exceptions to the hearsay rule applied. We agree.

## A. Spontaneous statement, § 90.803(1)

Section 90.803(1) allows for the introduction of a hearsay statement that qualifies as a spontaneous statement, which the statute defines as follows:

> (1) Spontaneous Statement.—A spontaneous statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, **or immediately thereafter**, except when such statement is made under circumstances that indicate its lack of trustworthiness.

(emphasis added). Under this exception to the hearsay rule, the declarant must make the statement while the event he/she is describing is actually taking place **or** immediately thereafter, and the event being described need not be a startling event. Deparvine v. State, 995 So. 2d 351, 369 (Fla. 2008). The only requirements are that the declarant must be describing or explaining the event and that the circumstances do not indicate a lack of trustworthiness.

The 911 call introduced in this case was placed immediately after the robbery, which included the chase down Ocean Drive and the battery of Mr. Benson by the defendant after Mr. Benson was able to retrieve his wife's purse from the woman who snatched it. A review of the record and the call reflects that security officers had just tackled the defendant and were securing him when the call was made. Screaming and other signs of a commotion can be heard

5

throughout the call, and the caller actually interrupts the call to yell to another individual to "watch" the defendant.

There are no circumstances indicating that the statements made by the caller were untrustworthy. First, contrary to the argument made on appeal, the caller was not anonymous. He provided his name and his phone number. Second, the statement was recorded while it was being made. Third, the timing and content of the call reflect spontaneity with little or no time for reflection. Lastly, the purpose of the call was to obtain the assistance of the police. All of these factors militate against the likelihood of conscious misrepresentation by the declarant. See J.M. v. State, 665 So. 2d 1135, 1137 (Fla. 5th DCA 1996) (holding that "the spontaneity of the statement negatives the likelihood of conscious misrepresentation by the declarant and provides the necessary circumstantial guarantee of trustworthiness to justify the introduction of the evidence") (quoting Charles W. Ehrhardt, Florida Evidence, § 803.1, at 612 (1995)).

## B. **Excited utterance, § 90.803(2)**

Another exception to the hearsay rule is an excited utterance pursuant to section 90.803(2), which provides as follows: "(2) Excited Utterance.—A statement **or** excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." (emphasis added). Thus, to qualify as an excited utterance the statement must be

made (1) "regarding an event startling enough to cause nervous excitement;" (2) "before there was time to contrive or misrepresent;" and (3) "while the person was under the stress or excitement caused by the event." Henyard v. State, 689 So. 2d 239, 251 (Fla. 1996).

In Hudson v. State, 992 So. 2d 96, 107 (Fla. 2008), the Florida Supreme Court reiterated that "[i]f the statement occurs while the exciting event is still in progress, courts have little difficulty finding that the excitement prompted the statement." (internal citations and quotation marks omitted) (alteration in original), and that the excited utterance need not be contemporaneous with the event. Id. However, the statement must be made while the declarant is under the stress of the startling event without time for reflection. Id. (citing Hutchinson v. State, 882 So. 2d 943, 951 (Fla. 2004)). Lastly, the Hudson Court held that the fact that the declarant's voice does not sound excited is not determinative of whether the statement meets the requirements of section 90.803(2) as an excited utterance. Id. at 108. " [E]xcitement' for purposes of an utterance is not a matter that is determined exclusively by tone of voice. Some people remain calm of voice when under stress; others can be excited of voice when fully capable of misrepresentation." Hudson, 992 So. 2d at 108 (quoting Tucker v. State, 884 So. 2d 168, 175 (Fla. 2d DCA 2004)).

7

In the instant case, there is no dispute that a startling event had just taken place, thereby satisfying the first element articulated by the Florida Supreme Court in Henyard, 689 So. 2d at 251. The second element, that the utterance or statement was made before there was time for reflection, was also met. The declarant, who identified himself as Anthony, placed the 911 call immediately after the defendant had been tackled by Mr. Benson and restrained by security and while Anthony was telling another individual to "watch" the defendant. Thus, the startling event was actually on-going, and therefore, there was no time for reflection. The content of the call also demonstrates that there was no time for reflection.

Thus, based on the record evidence and consideration of the surrounding circumstances, we find no abuse of discretion for the admission of the 911 call as an excited utterance.

## **CONCLUSION**

Because we find no abuse of discretion for the admission of the 911 call in this case as either a spontaneous statement pursuant to section 90.803(1) and/or an excited utterance pursuant to section 90.803(2), we affirm the judgment and sentence on review.

Affirmed.