654 So.2d 584 (1995)
Jonathan SCOTT BRONSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01478.
District Court of Appeal of Florida, Second District.
April 19, 1995.
Robert E. Jagger, Public Defender and Mary G. Obermeyer, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Jonathan Bronson challenges two of the jury instructions the court gave at his trial on a charge of first degree burglary punishable by life. We agree with Bronson that one of the instructions was erroneous.
The state filed a two-count information, charging under count I that Bronson:
unlawfully and without invitation or license did enter or remain in that certain structure, dwelling of Deborah Bronson or Kelly Fritz, ... with intent to commit an offense therein, and during the course thereof did make a battery upon Deborah Bronson or Kelly Fritz by grabbing or striking them with his hands; the said structure at the time not open to the public; contrary to Chapter 810.02, Florida Statutes, and against the peace and dignity of the State of Florida.
Count II charged that Bronson carried a concealed weapon. He pleaded guilty to that charge, and it is not at issue in this appeal.
Bronson first asserts error in the court's instruction that simple battery is a *585 lesser-included offense of burglary with a battery. This is a correct statement of the law, and we affirm on this point. Watson v. State, 646 So.2d 288 (Fla. 2d DCA 1994); Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989).
The court did err, however, in instructing the jury about the number of batteries for which the defendant could be convicted. In discussing the lesser-included offense of battery, the court told the jury:
In this case there are two alleged victims and if you find that the defendant is not guilty of burglary and committing battery or burglary alone, you will then next consider whether the defendant is guilty of committing a battery, a simple battery upon either Debra (sic) Bronson or Kelly Fritz or both of them.
The verdict form allowed the jury to find Bronson guilty of a battery of Deborah Bronson and guilty of a battery of Kelly Fritz. The jury in fact found him guilty of both of these crimes.
A defendant cannot be convicted for two lesser-included offenses under a single charge. Rhames v. State, 473 So.2d 724 (Fla. 1st DCA 1985), review denied, 494 So.2d 205 (Fla. 1986). The information here charged only one count of burglary with a battery. The trial court, therefore, erred in instructing the jury that it could convict Bronson of two batteries and providing a verdict form that permitted two such convictions. Accordingly, we affirm his conviction for one misdemeanor battery and reverse his conviction for the other. We remand to the trial court with instructions to strike one of the battery convictions and to resentence Bronson based on the remaining conviction.
Affirmed in part, reversed in part and remanded.
ALTENBERND and QUINCE, JJ., concur.