764 So.2d 927 (2000)
Darrin L. BLEDSOE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1934.
District Court of Appeal of Florida, Second District.
August 16, 2000.
Rehearing Denied August 16, 2000.
*928 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Darrin L. Bledsoe appeals his conviction and sentence for burglary with battery pursuant to section 810.02, Florida Statutes (1997). We reverse.
On March 11, 1998, Mr. Bledsoe attended a party at the home of Michelle Weeks. Ms. Weeks testified that although she may have invited Mr. Bledsoe, she asked him to leave after he arrived because she had become aware of some "bad feelings" between Mr. Bledsoe and another guest, David Eales. Instead of leaving, Mr. Bledsoe remained in the home and struck Mr. Eales. The State charged Mr. Bledsoe with burglary with battery.
Section 810.02, Florida Statutes (1997), provides, in pertinent part:
Burglary.
(1) "Burglary" means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
The State did not dispute that Mr. Bledsoe was invited to the party. Rather, the State maintained that Mr. Bledsoe committed burglary by remaining in Ms. Weeks' home after she withdrew her consent for him to stay. At the time of Mr. Bledsoe's conviction, Florida law allowed conviction for burglary, even where the defendant entered a dwelling with the owner's consent, if the owner withdrew that consent before the defendant formed the intent to commit the related offense. See Jimenez v. State, 703 So.2d 437 (Fla. 1997); Robertson v. State, 699 So.2d 1343 (Fla.1997). The Florida Supreme Court has since receded from Jimenez and Robertson in Delgado v. State, 25 Fla. L. Weekly S79, ___ So.2d ___, 2000 WL 1205960 (Fla. Aug. 24, 2000). Delgado held that "the `remaining in' language applies only in situations where the remaining in was done surreptitiously." Delgado, 25 Fla. L. Weekly at S82, ___ So.2d at ___. The court reasoned that "[i]n the context of an occupied dwelling, burglary was not intended to cover the situation where an invited guest turns criminal or violent." Id. Delgado governs this case under the "pipeline rule" that "[d]isposition of a case on appeal `should be made in accord with the law in effect at the time of the appellate court's decision rather than the law in effect at the time the judgment appealed was rendered.'" Nolte v. State, 726 So.2d 307, 308 (Fla. 2d DCA 1998) (quoting Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467, 468 (Fla.1978)).
Accordingly, we reverse Mr. Bledsoe's burglary conviction. Pursuant to section 924.34, Florida Statutes (1999), and the Florida Supreme Court's opinion in I.T. v. State, 694 So.2d 720, 724 (Fla.1997), this court has the authority to reduce the burglary-with-battery conviction to the two necessary lesser-included offenses, or to permissive lesser-included offenses, if the charging document sufficiently alleges them and the evidence supports conviction for them. Accordingly, we remand to the *929 trial court with directions to enter a judgment for the permissive lesser-included offenses of trespass and simple battery, first-degree misdemeanors proscribed by subsections 810.08(1) and 784.03(1), Florida Statutes (1997). We further direct the trial court to resentence Mr. Bledsoe in accordance with this opinion. See Ellis v. State, 714 So.2d 1160, 1162 (Fla. 2d DCA 1998).
Reversed and remanded.
CAMPBELL, A.C.J., and FULMER, J., Concur.

ORDER ON MOTION FOR REHEARING
On rehearing, Mr. Bledsoe argues that our decision conflicts with Bronson v. State, 654 So.2d 584 (Fla. 2d DCA 1995), in which we stated, "A defendant cannot be convicted for two lesser-included offenses under a single charge." As a result, Mr. Bledsoe maintains it would be error for the trial court to enter judgments on the permissive lesser-included offenses of both trespass and battery when the information charged only one count of burglary with a battery. We disagree.
In Bronson, the information stated that the defendant had entered the dwelling of "Deborah Bronson or Kelly Fitch" and committed a battery on "Deborah Bronson or Kelly Fitch." In the event the jury did not find burglary with a battery, the trial court permitted the jury to consider two lesser-included offenses of batteryone on Deborah Bronson and one on Kelly Fitch. Thus in Bronson, we reversed because the information, phrased as it was in the alternative, supported only one battery conviction, not two.
In this case, the information itself supports a finding of both trespass and battery, and the jury determined that both had occurred. "Burglary with a battery" is a legislative combination of two separate common law crimes. Because the due process concerns implicated in Bronson are not invoked in this case, we decline to extend the ruling in Bronson to this scenario. Nor do we find that the language of section 924.34, Florida Statutes (1999), prohibits this result. We recognize, however, that it is a rare occasion when an information for one charge will include the facts necessary to support a conviction for more than one lesser-included offense.
Accordingly, Mr. Bledsoe's motion for rehearing is denied.
CAMPBELL, A.C.J., and ALTENBERND and FULMER, JJ., Concur.