IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

     Petitioner,

v.

ZOLTAN BARATI and
MOTOROLA, INC.,

     Respondents.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4937

Opinion filed October 7, 2014.

Prohibition - Original Jurisdiction.

Pamela Jo Bondi, Attorney General, Russell S. Kent, Special Counsel, and William E. Foster, Tallahassee, for Petitioner.

David W. Moyé, Tallahassee, for Respondent Zoltan Barati.

Brandice Dickson and Brian A. Newman of Pennington, P.A., Tallahassee, for Respondent Motorola.

William W. Large, Florida Justice Reform Institute, Tallahassee; John T. Boese, pro hac vice and Kayla Stachniak Kaplan, pro hac vice of Fried, Frank, Harris, Shriver & Jacobson, LLP, Washington, DC, for Amicus Curiae The Florida Justice Reform Institute in support of Petitioner.

Gary M. Farmer, Jr., Mark S. Fistos, and Gary M. Farmer, Sr. of Farmer, Jaffe, Weissing, Edwards, Fistos, Lehrman, P.L., Ft. Lauderdale, for Amicus Curiae Florida Justice Association in support of Respondent, Zoltan Barati.

VAN NORTWICK, J.

The State files a petition for writ of prohibition seeking to prohibit the trial court from holding a hearing on a motion to strike a notice of dismissal filed by respondent Zoltan Barati. For the reasons that follow, the petition for a writ of prohibition is denied as premature.

In September 2009, Barati filed a *qui tam* action against Motorola, Inc., pursuant to the Florida False Claims Act, section 68.081 *et seq.,* Florida Statutes. Barati alleged that Motorola had contracted with the Florida Department of Law Enforcement (FDLE) to produce a fingerprint identification system and, according to the complaint, Motorola was unable to produce a system satisfying all of the requirements of the contract. The complainant further alleges that, despite its failure to satisfy the requirements of the contract, Motorola was paid under the contract and FDLE contracted with another vendor to secure a working system.

The Florida False Claims Act authorizes a private person or the State to initiate a civil action against a person or company who knowingly presents a false claim to the State for payment. The private citizen who brings an action, i.e., the "relator," sues on behalf of himself and the State. Such an action is called a *qui tam* action from the Latin phrase: *"qui tam pro domino rege quam pro se ipso in hac parte sequitur."* Black's Law Dictionary translates the phrase as: "who as well for the king as for himself sues in this matter." The *qui tam* complaint is filed

2

under seal and is not immediately served on the defendant, so that the Department of Legal Affairs, on behalf of the State, may investigate the allegations made in the complaint and decide if it wishes to become a party to the action.  If it does, then the State takes over primary responsibility for the action; but if it declines then "the person who initiated the action has the right to conduct the action."  §§ 68.083(2), (3) and (6), and 68.084(1) and (3), Fla. Stat.  The State may later be permitted to intervene after initially declining to do so, but only "upon showing of good cause." § 68.084(3), Fla. Stat. The Florida False Claims Act specifically provides that a *qui tam* action shall be governed by the Florida Rules of Civil Procedure.     § 68.083(2), Fla. Stat.

After being served a copy of the *qui tam* complaint and relevant materials, the State of Florida conducted an investigation, pursuant to section 68.083(3), Florida Statutes.  The State declined to join the *qui tam* action, which Barati thereafter prosecuted for approximately three and a half years.  Without formally intervening in the cause, the Attorney General, on behalf of the State, filed a notice of voluntary dismissal of the action on July 18, 2013.  The State asserted in its notice that it had the unilateral right to dismiss the action on authority of section 68.084(2) (a), notwithstanding any objections that Barati may have.

Barati thereafter moved to strike the notice of voluntary dismissal arguing *inter alia* that dismissal did not occur automatically, as the State was suggesting. The motion to strike was set for hearing to be held on October 14, 2013.

The State then filed in this court an emergency petition for a writ of prohibition arguing that the circuit court lost jurisdiction upon the filing of the notice of voluntary dismissal by the State. By order dated October 3, 2013, this court denied the petition as premature. The order, in pertinent part, stated:

> The petition for writ of prohibition is denied as premature. See Campbell v. Lungstrum, 732 So. 2d 437 (Fla. 1st DCA 1999) (denying prohibition relief for failure to show that the jurisdictional argument being presented had first been presented to the trial court of its consideration); Tabb ex rel. Tabb v. Fla. Birth-Related Neurological Injury Comp. Ass'n, 880 So. 2d 1253, 1257 (Fla. 1st DCA 2004) (quoting Sun Ins. Co. v. Boyd, 105 So. 2d 574, 575 (Fla. 1958)) ("a tribunal always has jurisdiction to determine its own jurisdiction.").

On remand, the State moved to cancel the hearing previously set for October 14, 2013, on Barati's pending motion to strike the notice of voluntary dismissal. In that motion to cancel hearing, the State set forth extensive argument as to why it believed the circuit court no longer had jurisdiction under Florida False Claims Act.

The circuit court denied the motion without addressing the arguments raised by the State in its motion to cancel the hearing or otherwise addressing its jurisdiction. The order provided:

4

THIS MATTER came before the Court on the Motion by the State of Florida, Department of Legal Affairs to cancel the hearing scheduled for October 14, 2013. Having considered the Motion and being otherwise fully advised in the premises,

It is hereby ORDERED and ADJUDGED as follows:

1. The Attorney General's Motion is DENIED.

DONE and ORDERED in Chambers, Tallahassee, Leon County Florida this 11th day of October, 2013.

Thus, the hearing on the motion to strike was to be held as previously scheduled.

The instant emergency petition for a writ of prohibition was immediately filed in this court upon the denial of the State's motion to cancel the hearing. Barati was ordered to show cause why prohibition should not be granted. In his response, Barati argued *inter alia* that the instant petition for a writ of prohibition is premature. At oral argument before this court Barati suggested, as did the Attorney General, that this court should consider the issue of whether the trial court was immediately divested of jurisdiction to further proceed in the case upon receipt of the Attorney General's notice of dismissal. We must decline that invitation as we lack the constitutional authority to do so.

Prohibition is "an extraordinary writ by which a superior court may prevent an inferior court or tribunal, over which it has appellate and supervisory jurisdiction, from acting outside its jurisdiction." Mandico v. Taos Construction, Inc., 605 So. 2d 850, 853-54 (Fla.1992); see Southern Records & Tape Serv. v. Goldman, 502 So. 2d 413, 414 (Fla.1986); English v. McCrary, 348 So. 2d 293, 296 (Fla. 1977); State ex rel. B.F. Goodrich Co. v. Trammell, 140 Fla. 500, 503-

5

04, 192 So. 175 (1939). The writ is very narrow in scope and operation, and it must be employed with caution and utilized only in emergency cases to prevent an impending injury where there is no other appropriate and adequate legal remedy. Mandico, 605 So. 2d at 853-54. There is no precedent for using this writ as a means of considering a matter not ripe for review.

The circuit court's order denying the motion to cancel the hearing does not rule on the question of whether the circuit court has jurisdiction. That is, the order denying the request to cancel the hearing was not a substantive order on the question of jurisdiction. In setting a hearing, and then refusing to cancel it, the circuit court merely has preserved for itself the opportunity to rule explicitly on the question of its jurisdiction at a later point. After all, the purpose of the hearing is to rule on the motion to strike the notice of voluntary dismissal; that motion to strike is still pending. As is the case in other circumstances where it is asserted that a court lacks jurisdiction, a court is allowed to proceed until it determines for itself whether it has jurisdiction. "[A] tribunal always has jurisdiction to determine its own jurisdiction." Sun Ins. Co. v. Boyd, 105 So. 2d 574, 575 (Fla. 1958); see Tabb ex rel. Tabb v. Fla. Birth-Related Neurological Injury Compensation Ass'n, 880 So. 2d 1253, 1256-1257 (Fla. 1st DCA 2004).

Simply asserting a claim that jurisdiction does not exist does not make it so. A trial court must rule on such assertion. As we explained in Campbell v.

6

Lungstrum, 732 So. 2d 437 (Fla. 1st DCA 1999), this court will not issue a writ of prohibition when the "petitioner has failed to show that the jurisdictional argument being presented to this court has first been presented to the trial court for its consideration." By allowing argument on its own jurisdiction, the trial court did not implicitly assert it possessed jurisdiction other than that necessary to decide the preliminary question of whether it possessed the jurisdiction to determine its jurisdiction. Similarly, this court, by hearing argument on the propriety of the issuance of a writ of prohibition, has not implicitly determined that a writ is appropriate in this case. In fact, quite the opposite is true.

Because the trial court has not considered the merits of the State's notice of dismissal or the Relator's motion to strike the motion to dismiss, if we were to address the question of whether the State can unilaterally dismiss the instant *qui tam* proceeding, or whether the circuit court immediately was divested of jurisdiction upon filing of the notice of dismissal, this court would be rendering an advisory opinion. Under the Florida Constitution, only the Florida Supreme Court has the jurisdiction to issue advisory opinions. Art. V., §3(b)(10), Fla. Const.; see Fla. House of Representatives v. League of Women Voters, 118 So. 3d 198, 207 (Fla. 2013). Thus, were this court to consider the merits of the notice to dismiss prior to an explicit ruling from the trial court on the scope of its jurisdiction, this court would be acting unconstitutionally. As a court of limited jurisdiction, this

7

court, in the words of Justice Stevens, should not place "a higher value on the rendition of a volunteered advisory opinion than on the virtues of judicial restraint." Superintendent, Massachusetts Correctional Inst., Walpole v. Hill, 472 U.S. 445, 462, 105 S. Ct. 2768, 2777, 86 L. Ed. 2d 356 (1985) (Stevens, J., concurring in part and dissenting in part).

Until the trial court specifically rules on its jurisdiction, any proceeding in this court to review the lower court's jurisdiction is premature and hence beyond our jurisdiction. Accordingly, the petition for a writ of prohibition is DENIED.

BENTON, J., CONCURS, AND THOMAS, J., DISSENTS WITH WRITTEN OPINION.

THOMAS, J. Dissenting.

I respectfully dissent. Because the Attorney General's dismissal of this action deprived the trial court of jurisdiction, we should grant the writ of prohibition.

The action here was filed in 2009. Under section 68.084(2)(a), Florida Statutes (2009), the Legislature has granted the Attorney General the sole power to dismiss a *qui tam* action: "The department [of Legal Affairs] may voluntarily dismiss the action *notwithstanding the objections of the [relator]*." (Emphasis added.) There is no time limitation or other substantive limitation whatsoever on the Attorney General's authority to control *qui tam* litigation. The Attorney General has the unfettered power to prosecute or dismiss such an action, and is the real party in interest, regardless of her decision to intervene. United States ex. rel. Milam v. Univ. of Texas M.D. Anderson Cancer Ctr., 961 F.2d 46, 50 (4th Cir. 1992); United States ex. rel. Dimartino v. Intelligent Decisions, Inc., 308 F. Supp. 2d 1318, 1322, n.8 (M.D. Fla. 2004). Because the Attorney General has the unfettered authority to dismiss *qui tam* litigation, her voluntary dismissal here divested the trial court of jurisdiction to take any further action in this matter, even assuming the Florida Rules of Civil Procedure control, because, as unequivocally held by the Florida Supreme Court in Pino v. Bank of New York, 121 So. 3d 23,

9

32 (Fla. 2013), "[i]t is well accepted that the effect of a plaintiff's voluntary dismissal under rule 1.420(a)(1) is *jurisdictional*." (Emphasis added.)

The majority opinion's refusal to grant the writ contradicts the plain text of the *qui tam* statute and the decision in Pino, and allows the trial court to conduct a hearing on a matter over which it has no jurisdiction. Further, the majority opinion allows the trial court to conduct a hearing which violates the strict separation of powers requirement of Article II, section three of the Florida Constitution and conflicts with the supreme court's holding in Avatar Development Corporation v. State, 723 So. 2d 199, 201 (Fla. 1998), because the trial court's action here to consider the relator's motion to strike the Attorney General's dismissal improperly interferes with the Executive Branch's sole authority to prosecute *qui tam* litigation on behalf of the State of Florida.

Federal courts have duly noted that to allow courts to interfere with the government's power to prosecute and control *qui tam* actions by requiring "good cause" before dismissal, where the Attorney General has declined to intervene, would put the similar federal statute on "constitutionally unsteady ground." See United States ex. rel. Ridenour v. Kaiser-Hill Co. LLC, 397 F.3d 925, 934-35 (10th Cir. 2005), *cert. den.,* 546 U.S. 816 (2005). Unlike the Florida *qui tam* statute, the federal provision specifically authorizes a judicial hearing before the government may dismiss the action, but even under this language, courts have recognized that

10

the federal government possesses nearly an "unfettered right to dismiss a *qui tam* action." Swift v. United States, 318 F.3d 250, 253 (D.C. Cir. 2003).

Prohibition is precisely the correct remedy to avoid this type of jurisdictional error which improperly cabins prosecutorial discretion and thereby violates Article II, section three. See State v. Bloom, 497 So. 2d 2 (Fla. 1986). I would grant the petition for writ of prohibition to preclude further action by the trial court in this matter.