SILBERMAN, Judge. Yousel L. Rivera appeals his judgment and mandatory life sentence for attempted first-degree murder of a law enforcement officer with a firearm. He raises five issues on appeal, but we discuss the only one that requires reversal. Based on Ramroop v. State, 214 So.3d 657 (Fla. 2017), we reverse and remand for a new trial because the trial court failed to give the requested jury instruction regarding whether Rivera had knowledge that the victim was a law enforcement officer. The offense arose as the result of a traffic stop during which Rivera was a passenger. When the officer walked around to the passenger side, Rivera shot the officer three times in the torso at close range. Rivera was charged in an amended information pursuant to sections 782.04(1), 777.04, 775.087, 775.0823, 784.07, and 782.065, Florida Statutes (2010), with one count of attempted first-degree murder of a law enforcement officer with a firearm during which Rivera discharged a firearm and caused great bodily harm. Under section 775.087(2)(a)(3), if the jury finds beyond a reasonable doubt that the defendant committed an enumerated offense and as a result of the discharge of a firearm the defendant caused great bodily harm, the defendant must be sentenced to a minimum term of twenty-five years in prison and not more than a term of life in prison. Under section 782.065, if the jury finds beyond a reasonable doubt that the defendant committed attempted first-degree murder and that the victim of the offense was a law enforcement officer engaged in the performance of a legal duty, the defendant must be sentenced to life in prison. The defense theory was that Rivera lacked the intent to shoot the officer. The defense expert, Dr. Waldman, opined that Rivera was suffering from complex partial seizures at the time of the shooting and afterward when he was arrested and that the shooting was an automatism, an automatic but not conscious behavior. When discussing things consistent with seizure activity, Dr. Waldman mentioned statements from Rivera’s ex-girlfriend indicating that Rivera had become hyperreligious, that he thought “people were out to harm him,” and that he thought “demons were going to possess him.” Dr. Waldman testified that Rivera was in fear at the time of the shooting; the doctor believed the fear began when the officer shined a flashlight in Rivera’s eyes right at the time of the shooting. In contrast, the State’s expert, Dr. Shadle, opined that based on eyewitness accounts and the video of the shooting Rivera’s actions were inconsistent with a seizure or automatism but rather “showed the intentionality of the shooting” and the “goal-directness of the shooting.” Dr. Shadle opined that Rivera could have formed the conscious intent to shoot and kill the officer. The parties stipulated at trial that the victim was a law enforcement officer engaged in the lawful execution of his legal duties. Rivera objected to the jury instructions and requested a jury instruction that the State had to prove Rivera knew that the victim was a law enforcement officer. The trial court denied the request. Consistent with the trial court’s ruling on the jury instructions, the verdict form did not require the jury to find that Rivera knew the victim was a law enforcement officer. While this appeal has been pending, the Florida Supreme Court decided Ramroop. Under the “pipeline rule” the appellate court should dispose of a case on appeal “in accord with the law in effect at the time of the appellate court’s decision rather than the law in effect at the time the judgment appealed was rendered.” Bledsoe v. State, 764 So.2d 927, 928 (Fla. 2d DCA 2000) (quoting Nolte v. State, 726 So.2d 307, 308 (Fla. 2d DCA 1998)). In Ramroop, the Florida Supreme Court held “that section 782.066 is a reclassification statute that creates a substantive offense, which includes knowledge as ah essential element.” 214 So.3d:at 666. Because knowledge is an essential element, “a defendant may be subject to the increased sentence set forth in section 782.065 only when a jury finds beyond a reasonable doubt that the offense was committed with knowledge that the victim was a law enforcement officer.” Id. The supreme court determined that “the erroneous jury instructions that did not include knowledge as an essential element of attempted murder of a law enforcement officer as to section 782.065 amounted to fundamental error” and that Ramroop was entitled to a new trial. Id. at 668. ' Here,' Rivera requested a jury instruction on the essential element of knowledge. In addition, whether Rivera had knowledge that the victim was a law enforcement officer at the timé of the shooting was a disputed issue based on the defense that Rivera was suffering from a complex partial seizure and that the shooting was an automatism, an automatic but not conscious behavior. Thus, because the essential element of knowledge was in dispute, the failure to properly instruct the jury on the element of knowledge amounts to fundamental error. See id. at 665. At the time it filed its answer brief, the State recognized that Ramroop was pending in the Florida Supreme Court and agreed that the jury must make the finding that the defendant had knowledge of the victim’s status as a law enforcement officer. The State contended that resen-tencing for the underlying conviction without the reclassification regarding a law enforcement officer would be the usual remedy but that in this- particular case resentencing was unnecessary because the trial court- imposed a life sentence under both section 782.065 and section 775.087. However, the sentencing transcript does not reflect that the trial court knew that under section 775.087(2)(a)(3) the minimum term was twenty-five years and the maximum term was life. In fact, the State argued and the court reiterated that a life sentence was mandatory. Further, Rivera argues that in Ramroop the supreme court explained that because the life sentence under section 782.065 is a mandatory statutory punishment, “[i]t is no answer to say that the defendant could have received the same sentence with or without that fact.” Ramroop, 214 So.3d at 668 (quoting Alleyne v. United States, 570 U.S. 99, 133 S.Ct. 2151, 2162, 186 L.Ed.2d 314 (2013)). Based on Ramroop, we reverse Rivera’s judgment and sentence and remand for a new, trial in which the jury is properly instructed on the charge of attempted first-degree murder of a law enforcement officer with a firearm. Reversed and remanded for new trial: NÓRTHCUTT and MORRIS, JJ., Concur.