# Third District Court of Appeal

## State of Florida

Opinion filed February 7, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1633
Lower Tribunal No. 15-12785
_____


**Omar Rodriguez,**
Petitioner,

vs.

**The State of Florida,**
Respondent.


A case of original Jurisdiction - Prohibition

Ross Amsel Raben Nascimento, PLLC, and Alan S. Ross; Gail S. Grossman, P.A., and Gail S. Grossman (Oxford), for petitioner.

Pamela Jo Bondi, Attorney General, and Amit Agarwal (Tallahassee), Solicitor General, and Marlon J. Weiss, Assistant Attorney General, for respondent.

Ricardo J. Bascuas, for Amicus Curiae University of Miami School of Law Federal Appellate Clinic.

Cooper & Kirk, PLLC, and David H. Thompson, Davis Cooper and Haley N. Proctor (Washington, DC), for Amicus Curiae The NRA Freedom Action Foundation.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa and John Eddy Morrison, Assistant Public Defenders, for Amicus Curiae Florida Public Defender Association, Inc.

Reed Smith LLP and Edward M. Mullins, Lisa M. Baird and Brandon White, for Amicus Curiae Brady Center to Prevent Gun Violence.

Shutts & Bowen LLP and Jason Gonzalez (Tallahassee); Stephen P. Halbrook (Fairfax, VA), for Amicus Curiae Unified Sportsmen of Florida, Inc.

Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., and Glenn Burhans, Jr., and Kelly A. O'Keefe (Tallahassee), for Amicus Curiae Law Center for the Prevention of Gun Violence.

Before SALTER, FERNANDEZ and LUCK, JJ.

SALTER, J.

Omar Rodriguez seeks a writ of prohibition to prevent the trial court from proceeding with a "Stand Your Ground"[1] ("SYG") immunity hearing based on Rodriguez's argument that a trial court ruling has erroneously denied Rodriguez the benefit of the recent legislative amendment.[2]  Because we conclude that the trial court has not acted or attempted to act outside its jurisdiction in issuing the

---

[1]  Section 776.032, Florida Statutes (2015), as used in this opinion, and for clarity, the "Crime Date SYG Law"; and section 776.032, Florida Statutes (2017), the "2017 SYG Law".

[2]  The amendment embodied in the 2017 SYG Law was enacted by Chapter 2017-72, § 1, Laws of Florida.  Section 2 of Chapter 2017-72 specified that "This act shall take effect upon becoming a law," and the act became a law when the Governor signed it on June 9, 2017.  The enactment was otherwise silent regarding its application to claims of SYG immunity in cases with crime dates preceding that effective date.

2

challenged order and preparing to conduct the SYG immunity hearing, we dismiss Rodriguez's petition for lack of jurisdiction.

Factual and Procedural History

Rodriguez was indicted for first-degree murder and aggravated assault with a firearm. The date of the alleged crime was June 20, 2015. The effective date of the amendment creating subsection 776.032(4) of the 2017 SYG Law was June 9, 2017. That subsection provides:

> (4) In a criminal prosecution, once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity from criminal prosecution provided in [section 776.032(1)].

Before the amendment, the Florida Supreme Court interpreted the self-defense and SYG statute (including the use of deadly force provisions) to establish procedures for pretrial immunity hearings. Dennis v. State, 51 So. 3d 456 (Fla. 2010); Bretherick v. State, 170 So. 3d 766 (Fla. 2015). Of particular pertinence here, Bretherick placed "the burden of proof on the defendant to establish entitlement to Stand Your Ground immunity by a preponderance of the evidence at the pretrial evidentiary hearing, rather than on the State to prove beyond a reasonable doubt that the defendant's use of force was not justified . . . ." 170 So. 3d at 779.

3

On June 20, 2017, Rodriguez filed an SYG immunity motion to dismiss the charges against him. He contended that his non-jury SYG hearing would be subject to the parties' burden of proof under the 2017 SYG Law rather than the Crime Date SYG Law and the burden of proof standards otherwise applicable under <u>Bretherick</u>. Although the alleged crime date in his case was two years before the amendment, Rodriguez sought the benefit of (1) the amendment's shift of the burden of persuasion from himself as defendant to the State, and (2) the amendment's imposition of a higher standard of proof upon the State—"clear and convincing"— rather than the "mere preponderance" standard previously applicable to defendants moving before trial for SYG immunity and discharge.

The State contended that the Crime Date SYG Law, as interpreted in <u>Bretherick</u>, governed the burden of persuasion and standard of proof applicable to Rodriguez's motion. The trial court promptly ordered briefing on the applicability of the 2017 SYG Law, including the constitutionality of the amendment under Article V, sections 2 and 3 of the Florida Constitution.[3]

On July 3, 2017, the trial court issued a one-page "Order on 'Stand Your Ground' Hearing," which adopted a 14-page order entered the same day by the

[3] Article V, "Judiciary," specifies in section 2(a) that (among other things) "The supreme court shall adopt rules for the practice and procedure in all courts . . . ," and "Rules of court may be repealed by general law enacted by two-thirds vote of the membership of each house of the legislature." Section 3(b) details the jurisdiction of the Florida Supreme Court.

4

same Judge on the same issues, but in another pending criminal case.[4]  Both orders concluded that the new statute was an unconstitutional violation of the separation of powers mandated by Article V, section 2(a) of the Florida Constitution.  The trial court held that questions regarding the burden of proof are procedural in character rather than substantive, such that the Legislature could only override the Florida Supreme Court's procedural burden and standard of proof rulings in <u>Dennis</u> and <u>Bretherick</u> by the two-thirds supermajority votes in each house of the Legislature in accordance with Article V, section 2(a).  No such supermajority was obtained in the case of the legislative amendment under consideration.

The order further held that the hearing on Rodriguez's SYG motion for dismissal would be conducted under the pre-amendment procedures regarding the burden and standard of proof.  Rodriguez's petition for prohibition followed.

<u>Analysis</u>

"Prohibition may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction."  <u>English v. McCrary</u>, 348 So. 2d 293, 296 (Fla. 1977); <u>Roberts v. Brown</u>, 43 So. 3d 673, 677-78 (Fla. 2010); <u>School Bd. of Miami-Dade Cty. v. C.A.F.</u>, 194 So. 3d 493, 496 (Fla. 3d DCA 2016).  The appellate courts of Florida have concluded that a petition for prohibition is the appropriate vehicle for consideration of a trial court's order

---

[4]  <u>State v. Rutherford</u>, Case No. F16-12827 (Fla. 11th Jud. Cir. 2017).

denying SYG immunity following a defendant's motion and an evidentiary hearing. Mobley v. State, 132 So. 3d 1160, 1161 (Fla. 3d DCA 2014); Bretherick v. State, 135 So. 3d 337, 339 (Fla. 5th DCA 2013).

In the present case, however, the trial court has not heard or ruled on Rodriguez's motion for SYG immunity; to the contrary, the trial court has only indicated that the motion will be heard and that the Crime Date SYG Law will be applied. Rodriguez's complaint is not that he has been wrongfully denied immunity, but rather that he has been denied what he perceives to be favorable tactical, procedural advantages (arguably inherent in the 2017 SYG Law) by the trial court for the upcoming hearing.

We conclude that we lack jurisdiction[5] to address such a petition on its merits before the trial court hears Rodriguez's SYG motion and issues its ruling. The trial court did not enter its order in excess of its jurisdiction or in an attempt to do so.

Nor, in considering our obligation under Florida Rule of Appellate Procedure 9.040(a) to consider an alternative basis for jurisdiction "as may be necessary for a complete determination of the cause," do we find that the present petition provides a basis for jurisdiction and relief in certiorari. Also an

_____

[5] We have jurisdiction to both question our own jurisdiction and to determine that question, as we do here. See State v. Barati, 150 So. 3d 810, 813 (Fla. 1st DCA 2014); Spear v. Spear, 516 So. 2d 1132, 1132 (Fla. 3d DCA 1987).

extraordinary writ granted in very limited circumstances, certiorari jurisdiction would require Rodriguez to establish a departure from the essential requirements of the law, resulting in material injury for the remainder of the case, which cannot be remedied on post-judgment appeal. Coral Gables Chiropractic PLLC v. United Auto. Ins. Co., 199 So. 3d 292, 294 (Fla. 3d DCA 2016). The last two requirements—material injury for the remainder of the case, and harm which is not remediable on appeal—are jurisdictional. Id. Rodriguez's petition, appendix, and reply fail to satisfy these requirements.

For these reasons, we lack jurisdiction at this procedural point to address the merits of Rodriguez's claim of constitutionality and his claim for retrospective application of the 2017 SYG Law to his 2015 case.

Petition dismissed.[6]

_____

[6] We appreciate the amici briefs filed by numerous non-profit associations and the University of Miami School of Law Federal Appellate Clinic. The research and legal theories advanced by the amici will not be discarded. There are presently pending numerous other SYG appellate cases, not only in this court but also in others throughout the State, relating to the June 2017 amendment, its alleged unconstitutionality (on at least two separate legal theories), and its applicability to prosecutions for crimes allegedly committed before enactment.