DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JONATHAN KIERNAN GODWIN,

Petitioner,

v.

STEPHEN MICHELINI,

Respondent.


No. 2D2024-2810

_____

August 20, 2025

Petition for Writ of Certiorari to the Circuit Court for Hillsborough
County; Cheryl Thomas, Judge.

Ryan D. Barack and Michelle Erin Nadeau of Kwall Barack Nadeau PLLC,
Clearwater, for Petitioner.

Ethan J. Loeb, Allison C. Doucette, Steven Gieseler, Nicholas M. Gieseler,
and Elliot P. Haney of Bartlett Loeb Hinds Thompson & Angelos, Tampa,
for Respondent.

MORRIS, Judge.

Jonathan Kiernan Godwin petitions for certiorari review of an order
denying his amended motion to dismiss Stephen Michelini's complaint
for defamation. In his motion, Godwin asserted that Michelini's
complaint violated Florida's Anti-SLAPP statute, section 768.295, Florida
Statutes (2021). The trial court denied the motion on the basis that

Godwin failed to show that the Anti-SLAPP statute applied to Michelini's claims and that Michelini had adequately stated a cause of action.

However, during the pendency of this certiorari proceeding, the Florida Supreme Court resolved a conflict among the district courts, ultimately disapproving of this court's decision in *Gundel v. AV Homes, Inc.*, 264 So. 3d 304 (Fla. 2d DCA 2019), and holding that certiorari is not a proper basis for reviewing orders denying motions brought under the Anti-SLAPP statute. *Vericker v. Powell*, 406 So. 3d 939, 941-42, 946 (Fla. 2025). In so holding, the court amended Florida Rule of Appellate Procedure 9.130(a)(3) by adding subsection (J) to allow for immediate review of nonfinal orders denying qualifying Anti-SLAPP motions. *Vericker*, 406 So. 3d at 946; *In re Amends. to Fla. R. App. P. 9.130*, 406 So. 3d 937 (Fla. 2025).

In his reply brief, Godwin acknowledged the *Vericker* case and the amendment to rule 9.130(a)(3) and argued that this court should convert this proceeding to an appeal of a nonfinal order. Michelini subsequently filed a motion to dismiss this proceeding, arguing that pursuant to the "pipeline rule," *Vericker* controls this case and that neither *Vericker* nor the amendment to rule 9.130(a)(3) explicitly provide that the new rule applies retroactively or to pending cases. Michelini further contends that because Godwin did not file a notice of appeal within thirty days from the date of the order under review, his appeal would be untimely. Michelini also argues that a petition for writ of certiorari does not toll the time for filing the notice of appeal. Citing Justice Canady's dissent in *Vericker*, Micheline contends that there is no remedy for a petitioner who has a pending Anti-SLAPP certiorari proceeding.

Godwin filed a response to Michelini's motion to dismiss, arguing that because this proceeding was pending when the new rule was

enacted, he is entitled to the benefit of the amendment. He also argues that this court could still grant certiorari relief because the trial court did not follow the Anti-SLAPP procedure and acted contrary to this court's prior order and mandate in an earlier appeal between the two parties.

We directed the parties to address the jurisdictional issue at oral argument. Having considered both the written arguments and the arguments made at oral argument, we agree with Michelini that this court lacks jurisdiction over this proceeding, and we therefore grant the motion to dismiss.

## ANALYSIS

This court has jurisdiction to "question our . . . jurisdiction and to determine that question." *Rodriguez v. State*, 239 So. 3d 147, 150 n.5 (Fla. 3d DCA 2018); *see also State v. Barati*, 150 So. 3d 810, 813 (Fla. 1st DCA 2014).

It is undisputed that Godwin's case was "in the pipeline" when *Vericker* was decided, that is, Godwin's case was pending resolution in this court. "Under the 'pipeline rule' the appellate court should dispose of a case on appeal 'in accord with the law in effect *at the time of the appellate court's decision* rather than the law in effect at the time judgment appealed was rendered." *Rivera v. State*, 235 So. 3d 983, 985 (Fla. 2d DCA 2017) (emphasis added) (quoting *Bledsoe v. State*, 764 So. 2d 927, 928 (Fla. 2d DCA 2000)). Consequently, because *Vericker* was decided during the pendency of this proceeding, it controls the jurisdictional issue in this case.

We are not persuaded by Godwin's argument that *Vericker* can be distinguished and that we can still grant his petition if we conclude that the trial court failed to follow the correct procedural nondiscretionary requirements of the Anti-SLAPP statute and failed to adhere to this

court's prior order and mandate. Although the court in *Vericker* noted that the petitioner had not claimed that the trial court failed to follow the procedural nondiscretionary requirements of the Anti-SLAPP statute in that case, the court *did not* state that if such an argument had been made, certiorari review would then be the proper method of reviewing an order denying a motion brought pursuant to the Anti-SLAPP statute. *Cf. Vericker*, 406 So. 3d at 945 n.3. Had the court intended to make such a distinction, it would have said so. Instead, *Vericker* holds—without qualification—that "certiorari is not a proper basis for reviewing" orders denying motions brought pursuant to the Anti-SLAPP statute. *Id.* at 941-42.

Godwin argues that even if he is not entitled to certiorari review, this court can and should convert this proceeding to an appeal of a nonfinal order denying an Anti-SLAPP motion, pursuant to newly amended rule 9.130(a)(3). He relies on *Beach Community Bank v. City of Freeport*, 150 So. 3d 1111, 1113 (Fla. 2014), for his argument that because his case was pending in this court at the time *Vericker* was decided and rule 9.130(a)(3) was amended, he is entitled to the benefit of the amendment. He argues that in *Beach Community Bank*, the Florida Supreme Court determined that the appellee was entitled to the benefit of a rule amendment that occurred during the pendency of the case. *See Beach Cmty. Bank*, 150 So. 3d at 1112-13. However, Godwin overlooks the fact that in that case, there was no question whether the Florida Supreme Court—where the case was pending—had jurisdiction; the court's jurisdiction had been established based on a conflict between two district courts of appeal. *See id.* at 1112. Rather, the court was asked to decide whether district courts of appeal had jurisdiction to review a particular type of nonfinal order and, in answering that question, the

4

court concluded that the appellee was entitled to rely on a rule amendment involving the jurisdictional issue that occurred during the pendency of the case. That is not the posture of this case. Rather, here, we are tasked with determining whether, after *Vericker*, this court has jurisdiction. *Vericker* precludes us from reviewing this case in certiorari but it does not mandate us to convert this proceeding into a nonfinal appeal pursuant to rule 9.130(a)(3).

"Appellate jurisdiction is determined at the time the notice of appeal or petition for extraordinary writ is filed." *Vasilinda v. Lozano*, 631 So. 2d 1082, 1086 (Fla. 1994). At the time the petition was filed in this case, this court reviewed orders denying motions filed pursuant to the Anti-SLAPP statute via certiorari. *See Gundel*, 264 So. 3d at 306, 311. However, during the pendency of this proceeding, *Vericker* eliminated certiorari as a jurisdictional basis for review of such orders. And though the Florida Supreme Court amended rule 9.130(a)(3) by adding subsection (J) to expand the jurisdiction of district courts of appeal and to permit appeals of nonfinal orders that deny motions filed pursuant to the Anti-SLAPP statute, both the order under review and the filing date of Godwin's petition were prior to the *Vericker* decision and the amendment of rule 9.130(a)(3). Nothing in *Vericker* or the amendment to rule 9.130(a)(3) indicated that pending petitions for writ of certiorari should be converted to appeals from nonfinal orders denying motions filed pursuant to the Anti-SLAPP statute. *Cf. Vericker*, 406 So. 3d at 941-46; *In re Amends. to Fla. R. App. P. 9.130* 406 So. 3d at 938. At the time Godwin filed his petition, an order denying a motion filed pursuant to the Anti-SLAPP statute was a nonfinal, nonappealable order and because this case was pending when *Vericker* removed certiorari as a jurisdictional basis for such orders, we must dismiss this proceeding for

5

lack of jurisdiction. *Compare Beck v. Wright*, 353 So. 3d 664, 665 (Fla. 2d DCA 2022) (dismissing for lack of jurisdiction where, at the time the appellant filed her notice of appeal, orders denying a motion to add a claim for punitive damages were nonfinal, nonappealable orders and were also not reviewable via certiorari). As recognized by Justice Canady in his dissent in *Vericker*, this procedural change appears to foreclose petitioners such as Godwin from obtaining relief. *See Vericker*, 406 So. 3d at 947 (Canady, J., dissenting). But absent a clear direction from the Florida Supreme Court to apply rule 9.130(a)(3)(J) to pending certiorari proceedings, we cannot convert the certiorari proceeding into an appeal of a nonfinal order denying a motion filed pursuant to the Anti-SLAPP statute for purposes of continuing our jurisdiction to review the challenged order.

However, because we recognize the impact this has on petitioners such as Godwin, we certify the following question as one of great public importance:

> DOES THE AMENDMENT TO FLORIDA RULE OF APPELLATE PROCEDURE 9.130(A)(3), PERMITTING APPEALS OF NONFINAL ORDERS DENYING MOTIONS FILED PURSUANT TO FLORIDA'S ANTI-SLAPP STATUTE, APPLY TO CERTIORARI PROCEEDINGS THAT WERE PENDING AT THE TIME *VERICKER V. POWELL*, 406 SO.3D 939 (FLA. 2025), WAS DECIDED AND THE AMENDMENT WAS ENACTED, THEREBY PERMITTING DISTRICT COURTS OF APPEAL TO CONVERT SUCH PROCEEDINGS INTO APPEALS NOW AUTHORIZED BY THE AMENDMENT?

Dismissed; question certified.


NORTHCUTT, J., Concurs.
MOE, J., Concurs separately.

MOE, Judge, Concurring.

I agree with the majority but write separately to provide additional reasons why we are bound to resolve this case as we have. A procedural change in the law is applicable to pending cases, if the posture of the case permits it. *Love v. State*, 286 So. 3d 177 (Fla. 2019). Even so, the fact that a new procedural change is "applicable" does not mean that it always applies. *Id.* at 183. When there is a procedural change in the law, the question is whether the relevant case event governed by that rule has already been completed. *Id.* at 187. Here, the relevant case event governed by the rule would have been the filing of a notice of appeal. Consequently, the change in procedure did not apply here because the relevant case event has already passed, and the Supreme Court did not direct us to apply the rule change in a way that would undo an already completed case event.

Furthermore, "[a]ppellate jurisdiction is determined at the time the notice of appeal or petition for extraordinary writ is filed." *Vasilinda v. Lozano*, 631 So. 2d 1082, 1086 (Fla. 1994). In this case, appellant filed a petition for writ of certiorari. *Vericker* makes clear that we did not have jurisdiction to consider this case on a petition for writ of certiorari. Since we didn't have jurisdiction to hear the petition when it was filed, we lack jurisdiction to convert it into a non-final appeal.

_____

Opinion subject to revision prior to official publication.

7